## THOMPSON V. SHERRILL.

·51   453<br>80   48

1. TAX SALES: *Statute governing right of redemption: Exceptions.*

   The right to redeem lands from a tax sale depends upon the statute in force at the date of the sale; and the strict rules that apply to others, apply to persons under disabilities unless the statute in terms makes exceptions in their favor.

2. SAME: *Same.*

   The overdue tax act, approved March 12, 1881, provided that lands sold under it might be redeemed "within the period fixed by law for the redemption of lands sold for taxes;" and the law then in force fixed the period of redemption at two years from the date of sale, but allowed *femmes covert* to redeem within two years after the removal of their disabilities. The revenue act of March 31, 1883, which took effect from its passage and repealed all conflicting acts, also fixes the period for the redemption of lands from tax sales at two years, but contains no exception in favor of married women. Pursuant to a decree rendered under the overdue tax law, the lands of the plaintiff, a married woman, were sold for taxes on the 16th day of May, 1883, after that law had been repealed. *Held:* That the plaintiff's right of redemption was governed by the act of March 31, 1883, and was therefore limited to the period of two years from the date of the sale.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Judge.

*Marshall & Coffman*, for appellants.

Chapter 104, Mansfield's Digest repeals by implication so much of sec. 4489, Mansf. Dig. as exempted a married woman from the statute. 47 Ark., 558. The Constitution of 1874 authorizes her to convey as a *femme sole*. 43 Id., 160. Her name is omitted from the privileged class in the matter of redemption of lands, by act March 31, 1883. Mansf. Dig., sec. 5772. After that time she has only two years to redeem, or she is barred.

The rule in redemption from execution sales is that the law in force at the time the sale is made governs. 31 Ark., 429. The same applies to sales under decrees in chancery.

Thompson v. Sherrill.

Mansf. Dig., sec. 3072. Also to tax sales. Cooley Tax., p. 545; Borough on Tax., p. 322; 11 Paige Chy., 484.

The *disability*, to be availing, must exist at time of sale. Borough on Tax., p. 362; Desty on Tax., p. 1002.

The legislature can remove disabilities at any time. They are an act of grace—and being a part of the remedy or procedure, may be changed at any time, during suit, or after appeal, and no contract right is impaired. Cooley Const. Lim., p. 366; 6 Sup. Ct. Rep., 209; 115 U. S., 620; 48 Ark., 183.

Sec. 11 of the overdue tax law is not binding on future legislatures.

All statutes *in pari materia* should be construed together, even though one or more be repealed. Smith St. and Const. Law, sec. 637-8; Potter's D. W. on St., p. 189, note 9.

The overdue tax law was continued in force as to pending suits. 44 Ark., 273. Construing the three acts together as *in pari materia*, and remembering that the latest law in force at the time of sale governs in matters of redemption, Mrs. Sherrill is barred by the act of 1883.

*John B. Jones*, also for appellant.

There is no inherent right in any one to redeem from tax sales or decrees. It is a mere act of grace, or statutory privilege. Prior to 1868, minors and married women had to redeem within the same period as other persons. 20 Ark., 17.

Married women are not expressly exempt from the provisions of the overdue tax act. The only provision for redemption is found in sec. 11, which provides for redemption within the same period fixed by law for other lands sold for taxes, *i. e.*, two years, with special privilege to married

women.   Construing this section with sec. 15, it is plain the legislature intended to allow only two years, and did not embrace the exception.   The special provision of sec. 15 controls the general one in sec. 11.   17 Wis., 530; 38 Ill., 451; 15 Ark., 583; Potter D. W. on St. and Const., 272; Endlich on Int. St., 43, 44.

The act 1883, general revenue law, repealed all former laws on the subject, and married women are not exempted— she must redeem as others.   1 Pick., 45.   The law at time of sale governs the redemption, the sale occurred after the passage of the act of 1883, and the appellee is barred.

*Blackwood & Williams*, for appellee.

It was the settled policy of the law before the passage of the overdue tax law, that married women had two years after the removal of their disabilities to redeem, and they intended to include it in secs. 11, 13.   41 Ark., 62; Gantt's Dig., sec. 5197.   They simply embodied into the act sec. 5197, with its exceptions, as much so as if they had re-enacted it.

The general revenue law of 1883 does not repeal sec. 5197, except by implication, by omitting to name her in the exceptions.   But general laws do not repeal special laws (as the overdue tax act) on a different subject.   Blackwell on Tax Titles, 480; Sedg. Con. St. and Const. Law, 97, 104; Potter's D. W. on St., etc., p. 154; 41 Ark., 152; 24 Id., 479; 34 Id., 499; *Chamberlain v. State*, 50 Ark.; 19 Iowa, 61; 20 Id., 24.

Redemption statutes are liberally construed.   9 Watts, 99; 1 Rob., (La.) 421; Black. Tax Titles, 432.

See opinion attorney general, December, 1886, p. 66, in which a married woman's right to redeem is upheld.

HUGHES, J.

On the 16th day of May, 1883, pursuant to a decree of condemnation, by the Pulaski chancery court, the E. half N. W. quarter and N. half S. E. quarter, Sec. 28, T. 1 S., R. 10 W., were sold to the State of Arkansas, under the "over due tax law," and afterwards certified to the State Land Commissioner. On the 16th day of March, 1886, the State sold to appellant D. H. Thompson, the E. half of the N. W. quarter, and to appellant Boss Henson the N. half of the S. E. quarter of Sec. 28, T. 1 S., R. 10 W., and made deeds to them for the same. Appellee brought this suit in chancery to redeem these lands, September 3, 1886, more than two years after the sale of them to the State, under the decree for overdue taxes, and alleges that she was at the date of the sale and thence until the filing of her complaint, a married woman, and that the lands were her separate property; that she had tendered to each of the purchasers the amount necessary to redeem the land purchased by him and that the same had been refused; and she makes a tender of said amounts in her complaint. Defendants filed separate answers, denying plaintiff's rights as a married woman, or otherwise, to redeem, and asked that their answers be taken as demurrers, and that they be considered as cross complaints and that their titles as against the plaintiff be quieted. Plaintiff demurred to that part of the answers of defendants, which denied the right of plaintiff as a married woman, to redeem the lands in controversy. This demurrer was overruled, with leave to the plaintiff to raise the same questions of law at the final hearing; the cause was submitted on complaint, answers, exhibits and depositions. The chancellor found that plaintiff was a married woman at the date of the forfeiture of the lands for the non-payment of the taxes due

thereon, and at the date of the decree; that she was the owner of said lands, and was the owner thereof at the date of the forfeiture, and had been in possession since March, 1867; and held that she had the right to redeem the lands, and so decreed; that the deeds of defendants be cancelled, and as against them, that plaintiff's title be quieted. Defendants excepted and appealed.

Sec. 11 of the act entitled, "An act to enforce the payment of overdue taxes," approved March 12, 1881, provides that "The owner of any lands thus sold may redeem from the purchaser at any time within the period fixed by law for the redemption of lands sold for taxes." The law in force at the time of the passage of this act fixed the period for the redemption of lands sold for taxes at two years from the date of the sale, but allowed *femmes covert*, insane persons, minors, or persons in confinement two years after the removal of such disabilities within which to redeem their lands which had been, or might thereafter be sold for taxes. (Sec. 5197, Gantt's Dig.) The revenue act of March 31, 1883, which took effect from its passage, provides (in sec. 136) that the period allowed for the redemption of lands sold for taxes shall be two years from the date of the sale, and that insane persons, minors, or persons in confinement may redeem within two years from and after the expiration of such disability, but did not extend the exception to married women. (Acts of 1883, p. 268.)

February the 17th, 1883, "the overdue tax law" was repealed, three months before the sale under the decree of the chancery court in this case. The act of 1883 repealed all laws in conflict with its provisions. The decree under the "overdue tax law" was rendered one day before the repeal of the law. By what law is the right of redemption gov-

Thompson v. Sherrill.

erned, that in force when the overdue tax decree was rendered in this case, or that in force when the sale was made under the decree?

**1. TAX SALES: Statute governing right of redemption: Exceptions.** The right to redeem lands from a tax sale depends upon the statute in force at the date of the sale, and the strict rules that apply to others apply to persons under disabilities, unless the statute, in terms, makes exceptions in their favor. The right to redeem is a privilege, a favor conferred by statute, it does not exist independent of the statute. Cooley on Taxation, 533; *Craig v. Flanagin, et al.*, 21 Ark., 322. The general revenue law of March 31, 1883, was in force when the sale of the lands in controversy was made. All laws in conflict with it were expressly repealed by it. By it the time for redemption of lands sold for taxes was limited to two years from the date of the sale; but an exception was made in favor of insane persons, minors, and persons in confinement, who were permitted to redeem their lands sold for taxes within two years from the expiration of such disability. It makes no exception in favor of married women.

**2. SAME:** Without deciding whether insane persons, minors and persons in confinement had longer time than two years, under the "overdue tax law" and other revenue acts within which to redeem their lands sold for taxes, under the "overdue tax law," we hold that the appellee's right to redeem the lands in controversy was limited to two years and was governed by the act of 31st March, 1883, in force when the lands were sold under the decree of the chancery court, under the "overdue tax law," that there was no exception in the act of 1883, in favor of married women, under which a married woman could claim a longer time within which to redeem than that allowed other persons generally. The decree of the chancery court is reversed and appellee's bill is dismissed.