GROVES *v.* KEENE.

Opinion delivered October 7, 1912.

1. LEVEES—SALE FOR TAXES—RIGHT OF REDEMPTION.—The owner of land sold for levee taxes, where there was no fraud or mistake in conducting the sale, can not redeem therefrom by showing that he intended to pay the levee taxes, and made an effort to do so, but failed through the mistake of his agent. (Page 42.)

2. JUDICIAL SALE—RIGHT OF REDEMPTION.—Where a judicial sale of land has been conducted fairly and in substantial compliance with the law and orders of the court directing same to be made, it is error to permit the original owner to redeem. (Page 43.)

3. SAME—SUFFICIENCY OF DESCRIPTION.—Where lands in a section are laid off and platted into lots and numbered, a description as therein designated is not indefinite and would not render a sale void for uncertainty. (Page 43.)

4. SAME—RIGHT OF REDEMPTION.—The right to redeem from a levee tax sale depends upon the statute in force at the date of sale. (Page 43.)

5. APPEAL AND ERROR.—QUESTION RAISED IN REPLY BRIEF.—Appellant can not raise in his reply brief a question not raised below nor in his original brief. (Page 44.)

Appeal from Woodruff Chancery Court, Southern District; *Edward D. Robertson*, Chancellor; affirmed.

Suit by the Board of Directors of White and Cache River Levee District No. 1, of Woodruff County, for the sale of land for delinquent taxes. There was a decree of sale, and a sale was made to W. A. Keene, Jr., and from the decree confirming the sale and directing the execution of a deed the owner, E. W. Groves, appeals.

*C. F. Greenlee,* for appellant.

It is clear that appellant made diligent inquiry to ascertain the amount of levee taxes due by him with the intention of paying the same. There can be no question but that the failure to pay the levee taxes at the time they were due was purely by reason of mistake or accident. The facts and circumstances, as well as appellant's offer to do equity, entitle him to equitable relief. 2 Story's Jur. § 1319; 70 Ark. 500; 46 Ark. 96; 53 Ark. 204; 55 Ark. 192.

*J. F. Summers,* for appellee.

1. Equity follows the law. The law in this case makes no provision for redemption. The vested rights of the bidder at a judicial sale, to whom the commissioner has struck off the property, will be respected by the courts. 66 Ark. 490; 86 Ark. 255.

2. Act. 97, Special Acts 1911, was passed long after the commissioner's sale and report thereof, and can not affect the status of the parties here.

WOOD, J. The only question on this appeal is whether or not the owner of land that has been sold for levee taxes, where there is no fraud or mistake made in conducting the sale, the same being in all respects according to law, can redeem from such sale by showing that he intended to pay the levee taxes on the land, and made an effort to do so, but failed through mistake of his agent.

1. It was shown on behalf of appellant that he owned a large acreage of land in and out of the levee district, and that he was desirous of paying all of the taxes assessed against his lands; that his agents made an effort to ascertain the total

amount of taxes due by him, and that the secretary of the levee board promised to send him a map showing the lands embraced within the levee district, and failed to do so; that he had written to the secretary for a list of his lands within the district and for the amount of levee taxes due thereon, and when the secretary sent him the list the appellant immediately sent a check therefor. The lands in controversy, however, that were afterwards sold for the taxes, were not included in the list, for the reason doubtless that these lands at that time did not appear on the records of the county in which they were situated in the name of appellant. It was also shown in appellant's behalf that his agent had a talk with appellee, who was engineer of the levee board, and endeavored to obtain from him a description of the lands within the levee district.

The question is, should the chancery court, for these reasons, have refused to confirm the report of the commissioner showing a sale of the lands under the chancery court decree to the appellee?

The reason appellant did not pay the taxes was because his agent failed to ascertain that he owned the particular lands in controversy, and that the secretary of the board, in sending him the list of his lands with the amount of the levee taxes due thereon, failed to include the lands in controversy in the list.

It is unfortunate that appellant, through oversight or lack of information on the part of his agents, was unable to pay the taxes on his land which he fully intended to pay, but such mistake is in no manner attributable to appellee. It is not pretended that appellee in any manner misled or perpetrated a fraud upon appellant that caused him to fail to pay the taxes for which the land in controversy was sold.

The fact that appellee was preparing a plat of the lands in the levee district, and promised to send one to the agent of the appellant, which he failed to do, if it be a fact, did not tend to show any fraud upon the part of appellee in having appellant's lands condemned and sold for taxes. The proof showed that the lands in controversy did not appear upon the records of the county where they were situated in the name of appellant at the time they were assessed, condemned and sold for taxes. There was nothing in the facts of this record that would have justified the chancery court in refusing to approve

and confirm the report of the commissioner who made the sale of the lands under the decree of the court. Appellee therefore acquired by his purchase at that sale vested rights. *Robertson* v. *McClintock*, 86 Ark. 255, and cases therein cited. These rights are created by statute, and a court of chancery can not annul them.

It is not pretended that there was any fraud or mistake on the part of the officers or of the appellee in connection with this sale. Therefore, the appellee was entitled to have the report of the sale to him confirmed.

In *Banks* v. *Directors of St. Francis Levee District*, 66 Ark. 490, we held that "where a judicial sale of land has been conducted fairly and in substantial compliance with the law and the orders of the court directing the same to be made, it is error to permit the original owner to redeem before confirmation."

Appellant contends that the sale was void for uncertainty of description because the lands were described as lots 5 and 14, section 6, township 4, range 3, and were sold to appellee under that description. Where lands in a section are laid off and platted into lots and numbered, a description as therein designated is not indefinite and would not render a sale void for uncertainty.

2. Appellant contends that he was entitled to redeem under act 97 of the Special Acts of 1911, which was an act to establish the White River Levee District, in which the lands in controversy are located, one object of which was to add other territory. In section 7 of the act it is provided, among other things, "that any land owner shall have the right to redeem any and all lands sold at such sale within one year thereafter."

There was no provision for redemption in the general law under which the levee district was created, and the special act, *supra*, which appellant contends gives him the right to redeem, was enacted March 15, 1911, and took effect and was in force from and after that date. The report of the sale of the commissioner was filed in the court below February 14, 1911, showing that the sale was had and the report thereon made to the court ordering it long before the passage of the act upon which appellant relies.

In *Thompson* v. *Sherrill*, 51 Ark. 453, we held that "the

right to redeem lands from a tax sale depends upon the statute in force at the date of the sale."

Judge Cooley says: "The statute in force at the time of the sale governs the right of redemption." 2 Cooley on Taxation (3 ed.) p. 1030.

In 37 Cyc. p. 1389, it is stated; "Where the statute provides that the owner shall have a certain length of time after the sale in which to redeem, this period begins to run from the day of the sale, and not from the time the purchaser takes a deed." See also cases cited in note.

3. Appellant contends for the first time in his reply brief that there was uncertainty of description, and that the separate tracts and lots were sold *en masse*, and that the sale was void for these reasons. But no such contention was made in the court below, nor was such question raised in the appellant's original brief. There were no exceptions of this kind to the report of the sale. Therefore we can not consider these questions here for the first time.

It follows that the court did not err in approving and confirming the sale to appellee and in refusing to allow appellant to redeem.

The judgment is therefore affirmed.