### HOGG *v.* NICHOLS.

### Opinion delivered April 22, 1918.

1. REDEMPTION—TIME—GOVERNING STATUTE.—The right to redeem from a tax sale is governed by the statute in force and effect at the time the sale was made.

2. REDEMPTION—ACT 43, ACTS 1915, CONSTRUED.—Act 43, Acts of 1915, governing the time for redemption from sale for delinquent taxes *held* to be prospective and not retroactive in effect. Act 43, Acts of 1915, did not extend the period for redemption beyond the period fixed in Act 247, Acts of 1907.

3. REDEMPTION—PERSON NON COMPOS MENTIS.—Act 247, Acts 1907, does not extend the right of a person *non compos mentis* to redeem land sold for taxes.

Appeal from Jefferson Chancery Court; *Jno. M. Elliott*, Chancellor; reversed.

*T. Y. Murphy* and *Coleman & Gantt*, for appellants.

1. There is no exception in Act 247, Acts 1907, in favor of persons of unsound mind. All persons are allowed only one year to redeem. The right to redeem depends upon the statute in force at the time of sale. Cooley, Taxation, 533; 21 Ark. 322; 51 *Id.* 453-8; 81 *Id.* 476; 37 Cyc. 1390.

2. Appellee had no right to redeem from the sale under the act of 1907, page 584. The act of 1915 could not extend the right, nor was it retroactive nor did it divest vested rights. 105 Ark. 40; 200 S. W. 1008; 92 Ark. 93; 2 Pet. 434; 14 Ark. 447; 63 *Id.* 473; 112 *Id.* 6; 37 Cyc.

1382; 2 Cooley, Taxation (3 ed.) 1030. To lengthen the period of redemption would impair the obligations of a contract. 97 Ark. 397; 12 C. J. 956; 69 Ark. 102; 86 *Id.* 255. A purchaser at a judicial sale has vested rights which can not be divested by retroactive laws. 66 Ark. 490; 86 *Id.* 255; 21 N. W. 721; Cooley, Const. Lim. 291; 31 Fla. 471; 16 R. L. A. 308; Black on Tax Titles, § 175; 32 Minn. 497; 21 N. W. 721; 40 Ark. 423; 47 *Id.* 515. See also 6 R. C. L. 366; 195 U. S. 1; 163 *Id.* 118; 96 *Id.* 637.

*Irving Reinberger,* for appellee.

Before the year expired under the act of 1907, the time of redemption was extended to five years by the act of 1915. This repealed the one year clause and gave appellee four years to redeem. 13 Ark. 262; 24 *Id.* 371; 49 Pac. 551; 169 Me. 673; 8 Okla. 573; 2 Cooley on Tax. (3 ed.), § 13; 200 S. W. 1008; 26 Cyc. 994; 7 Ark. 500. Statutes of limitation affect the remedy only and are not held to divest vested rights nor impair the obligation of contracts. Cases *supra.*

HUMPHREYS, J. Appellee S. M. Nichols, as next friend of W. B. Nichols, who was and had been of unsound mind for fifteen years, instituted this suit against appellants to redeem the following described real estate in Jefferson County, Arkansas, towit: The N. E. ¼ of the N. E. ¼, Sec. 36, T. 7 S., R. 9 W., from a delinquent tax sale for the year 1911, made by the Jefferson chancery court on the 30th day of April, 1914; and to cancel the deed executed by the commissioner to appellant Harvey Hogg, who was the purchaser at the sale. The complaint, as abstracted and conceded by demurrer, alleged that W. B. Nichols was the owner of the land and that he failed to pay the taxes due Road Improvement District No. 1, Jefferson County, Arkansas, for the year 1911, and that the land was sold through the chancery court of said county under the provisions of Special Act 247, Acts 1907; that the sale was confirmed and deed executed and delivered to appellant Harvey Hogg pursuant to the decretal order of the court on the 30th day of

April, 1914; that under Act 43, Acts 1915, appellee had tendered to said appellant the amount necessary to redeem said land but appellant had refused to accept same, and that he then deposited the amount with the clerk; that the clerk had notified said appellant of the deposit but he had refused to receive same and reconvey the land to appellee; that Ed Thomas claimed an interest in said land under an unrecorded contract of conveyance from Harvey Hogg. Appellee prayer for a cancellation of the commissioner's deed and other conveyances of contract.

A general demurrer was filed to the complaint which was overruled by the court.

Appellants refused to plead further, whereupon a judgment was rendered in accordance with the prayer of the complaint, from which judgment an appeal has been prosecuted to this court.

It is insisted by appellant that the trial court erred in holding that appellee had a right to redeem the land under Act 43, Acts 1915.

It is insisted by appellee that, before the year had expired in which he had a right to redeem the land under section 21, Special Act 247, Acts 1907, the time of redemption was extended for five years by Act 43, Acts 1915.

This contention between the parties presents the only issue to be determined upon this appeal. The land in question was located in Road Improvement District No. 1, Jefferson County, Arkansas, and was sold on the 30th day of April, 1914, under the provisions of Act 247, Acts 1907, for the unpaid taxes of 1911. Appellant Hogg was the purchaser at the sale and obtained a confirmation of the sale and deed of the commissioner of the court to said real estate. Under Act 247, Acts 1907, section 21, among other things, provided that the owner of real estate sold for the nonpayment of taxes might redeem same in one year after the date of sale. Act 43, Acts 1915, was approved February 9, 1915, after the confirmation of sale but before the right of redemption under Act 247, Acts 1907, had expired. It was recently held by

this court in *Collier* v. *Smith,* that the period for redemption under a former act could not be extended by the Legislature so as to interfere with any vested rights obtained by purchaser under a prior tax sale. The solution of the question then before us must depend on whether or not the purchaser, Harvey Hogg, acquired a vested right by virtue of his purchase at the tax sale, under Act 247, Acts 1907. We have examined the authorities carefully and find that the law regards and treats a judicial sale as contractual; and the laws of redemption in force at the time of the sale are a condition attached to the sale. In other words, the authorities seem practically unanimous in holding that the right to redeem from a tax sale is governed by the statute in force and effect at the time the sale was made. 2 Cooley on Taxation (3 ed.), p. 1030; Black on Tax Titles, sec. 353; Blackwell on Tax Titles (5 ed.), § 729; *Cargill* v. *Power,* 1 Mich. 369; *Robinson* v. *Howe,* 13 Wis. 341; *Hull* v. *State,* 31 Fla. 471, 16 L. R. A. 308; *Merrill* v. *Dearing,* 32 Minn. 479, 21 N. W. 721; *Thompson* v. *Sherrill,* 51 Ark. 453; *Groves* v. *Keene,* 105 Ark. 40. We have therefore, concluded that Act 43, Acts 1915, was intended to be prospective and not retroactive in effect. The latter act did not have the effect of extending the period for redemption by the owner of lands beyond the period fixed in Act 247, 1907. There was no saving clause in Act 247, Acts 1907, in favor of parties *non compos mentis* so far as redemption was concerned. The only saving clause in favor of parties laboring under disabilities appeared in section 20 of said act, which permits them to appear and defend as if no action had been pending, within one year after their disabilities were removed. The right to appear and defend is quite a different and distinct right from the right to redeem, and these rights appear in separate sections of the statute; so there is no way to read the two sections together, as suggested by appellee, so as to extend the period for redemption to one year after the disabilities were removed.

For the error indicated, the decree of the chancellor is reversed and the cause remanded with direction to dismiss the complaint.    HART and SMITH, JJ., dissent.