## SMITH *v.* SPILLMAN.

## Opinion delivered June 24, 1918.

1. DRAINS—TAX SALE—COLLATERAL ATTACK.—Where land has been sold for drainage taxes under a decree of the chancery court, and the sale has been confirmed, the title of the purchaser at the tax sale is not open to collateral attack upon the ground that the taxes had been paid.

2. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACT—REDEMPTION FROM TAX SALE.—The provision for a redemption from a drainage tax sale within a year from the sale, contained in Acts 1911, page 28, § 1, is a matter of contract, and to construe Acts 1915, page 123, which took effect more than a year after such a sale, but before its confirmation, as extending the period of redemption would violate Const. Ark., art. 2, § 17, and Const. U. S., art. 1, § 10, ch. 1, prohibiting the Legislature from passing laws impairing the obligation of contracts.

3. CONSTITUTIONAL LAW—VESTED RIGHT—PURCHASE AT TAX SALE.—A purchaser at a drainage tax sale, even before confirmation, acquires a vested right to the land purchased which can not be affected by a statute passed before confirmation extending the period of redemption.

4. TAXATION—TAX SALE—STATUTE APPLICABLE.—A purchaser at a judicial tax sale acquires contractual rights as soon as the property is struck off to him as the highest bidder, and these rights must be determined according to the law existing at the time they accrue.

5. CONSTITUTIONAL LAW—VESTED RIGHTS—REMEDIES.—The right of redemption from a judicial sale for delinquent drainage taxes is not a mere remedy in which the purchaser has no vested rights, but affects substantial rights.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; reversed.

*R. P. Taylor,* for appellant.

1. Under Acts 1911, page 28, appellees had only one year within which to redeem. Act 43, Acts 1915, can not extend the time because it could not be retroactive nor defeat nor impair nor divest vested rights. 127 Ark. 341; 112 *Id.* 6; 63 *Id.* 573; 117 *Id.* 606.

2. After the year expired the time could not be extended. The act is not retroactive nor can not it affect vested rights. 29 Fla. 79; 30 Am. St. 95; 194 U. S. 415; 40 Ark. 423; 51 *Id.* 453. The limitation expired before the Act of 1915 passed. Cooley on Taxation, (2d ed.) 544-5; 33 Pa. St. 94. Appellees had vested rights which could not be impaired by subsequent legislation. 6 Ark. 484; 112 *Id.* 6; 128 *Id.* 31.

3. The taxes had not been paid, but if they had the plea can not avail. 50 Ark. 188. The chancery decree can not be thus attacked collaterally.

4. Due notice was had and given. The presumption is that due service was had. Kirby's Dig. § 760; 101 Ark. 390; 105 *Id.* 5; 49 *Id.* 397; 200 S. W. 1008.

5. As to the necessity of confirmation of sale, see 99 Ark. 327. See also 86 Ark. 255; 33 Pa. St. 94. Gault's appeal has long since been discredited. See also 23 Ark. 39. Appellees had lost their right to redeem. The right is purely statutory and must be asserted in time. Hence it was lost. 99 Ark. 327; 132 Ark. 309.

*R. E. L. Johnson,* for appellee.

1. Appellant had no vested rights secured by contract or otherwise under the sale by the commissioner. The Act of 1915 provides that "in *all* cases," etc., the right is extended to five years. The sale was never confirmed. The offer was a mere bid. 24 Cyc. 33; 53 Ark. 307; 23 *Id.* 39; 32 *Id.* 391; 34 *Id.* 346; 45 *Id.* 41; 51 *Id.* 338; 54 *Id.* 480; 105 *Id.* 265; 62 *Id.* 215.

2. Redemption statutes are liberally construed. 99 Ark. 328; 37 Cyc. 1383; 33 Pa. St. 94. The act is retroactive but not unconstitutional. See 3 Phila. 333; 69 Ark. 539; 34 *Id.* 353.

3. Appellees had vested rights and the act is not unconstitutional. It extended their time of redemption. The right of redemption was not under a statute of limition or non-claim. 115 U. S. 620; 33 Pa. St. 94. There is no impairment of the rights by contract or obligations thereof.

4. As to the distinction between mortgage sales and straight tax sales and commissioner's sales, see 51 Ark. 453; 30 Am. St. 95; Cooley on Taxation, 1053-4; Freeman on Ex. § 315; 3 So. Dak. 586; 105 Ark. 261.

5. All the equities of this case are with the appellees and the chancellor so found. The statutory period of redemption may be extended. 27 A. & E. Enc. L., 855; 36 N. D. 331; L. R. A. (N. S.) 1917 E. 137; 36 N. D. 177. Appellant had no vested rights to be divested. The act is a valid act. *Hogg* v. *Nichols,* 134 Ark. 280, does not apply, nor does *Collier* v. *Smith,* 132 Ark. 309.

McCULLOCH, C. J. The controversy in this case involves the right of appellees to redeem a certain lot or tract of real estate from sale under decree of a chancery court enforcing a lien for drainage assessments. The chancery court upheld the appellees' asserted right to redemption, and an appeal has been prosecuted from the decree allowing the redemption.

Appellees were the owners of the land in controversy, and the same was assessed for taxation for drainage purposes in a district designated as "Eight Mile Drainage District No. 2," organized under the general statute authorizing the organization of such districts and the levying of special taxes for the purpose of constructing that kind of improvement. Acts 1907, p. 276. In a suit in the chancery court to foreclose the lien for unpaid assessments the chancery court of Greene County rendered a decree in the year 1913 condemning this tract

of land for sale to raise funds to discharge the lien for unpaid assessments, and the sale was made by a commissioner of the court on January 14, 1914. Appellant became the purchaser of this tract at the commissioner's sale, which was reported to and confirmed by the chancery court on November 3, 1915, and the commissioner executed a deed to appellant, which was approved by the court. Appellees remained in possession of the land, and this action was originally instituted at law by appellant to recover possession. Appellees filed an answer in the action on March 5, 1917, asserting the right to redeem the land from said sale pursuant to the terms of a statute enacted by the General Assembly and approved February 9, 1915. On motion of appellees the cause was transferred to the chancery court, and a final decree was rendered, as before stated, allowing appellees to redeem. Appellees also alleged in their answer that the drainage taxes on the land in controversy had been paid prior to the rendition of the decree, and they asked that the decree of the court and the sale thereunder be set aside on that account, but the court refused to grant relief on that ground.

The statute in force at the time of the sale provides that "at any time within three years from the date of the sale of said lands, as aforesaid, the owner of the lands may file his petition in the court, rendering the decree, alleging the payment of the amount for which the lien was decreed against said land in said suit, and upon proving the same, the court shall vacate and set aside said decree and sale." Acts 1911, p. 28. The answer of appellees alleging the payment of taxes for which the land was sold was not filed within three years after the date of the sale by the commissioner. Therefore, the statute quoted above was not applicable, and the attack on the validity of the sale on the ground that the taxes had been paid was purely collateral. The court was, therefore, correct in refusing to set aside the decree and

sale on that ground. *McCarter* v. *Neil,* 50 Ark. 188; *Collier* v. *Smith,* 132 Ark. 309.

The right of redemption turns solely upon the validity and effect to be given to the Act of 1915, p. 123, which was approved and went into effect on February 9, 1915, more than a year after the commissioner's sale at which appellant purchased the land, and after the expiration of the period of redemption prescribed by the statute in force on the date of the sale. The statute in force on the date of the sale contained a provision that "any land owner shall have the right to redeem any and all lands sold at such sale within one year thereafter, which shall run from the day when the lands are offered for sale, and not from the day when the sale is confirmed." Acts 1911, p. 28. The sale in question was not an ordinary tax sale, but was one made by a commissioner of the chancery court in a suit authorized by statute to enforce a tax lien. The statute in question authorized the court to render a decree declaring the lien for taxes and ordering the land sold by commissioner at public outcry for cash to raise funds to discharge the lien.

The statute enacted in 1915, *supra,* under which the present redemption is sought extends to five years the period of redemption under decrees of courts for foreclosure of delinquent assessments. The language of the statute is that "any person, firm or corporation, or the heirs, assigns or legal representatives of any person, firm or corporation, who would have been permitted to redeem had the sale been by the collector for State and county taxes, or who was in possession under color of title at the time of said decree of sale, shall have the right to redeem from said sale at any time within five (5) years," by payment of the prescribed amount to the commissioner. We have, therefore, before us a case where, after confirmation by the court of a judicial sale, the right of redemption is asserted under a statute enacted after the expiration of the time for redemption prescribed in the statute in force at the time of the sale,

but before the confirmation in this instance, and the question presented on this state of facts is whether or not it was within the power of the Legislature under such circumstances to enlarge the period of redemption.

We pretermit any analysis of the statute for the purpose of determining whether or not, according to the interpretation of the language used, it was intended by the lawmakers to give retroactive effect to the statute, and we go at once to a consideration of the question as to the power of the Legislature, under the circumstances, to pass such a statute giving it that effect.

We have dealt with this statute in two decisions involving the assertion of the right to redeem from sales of the character involved in the present litigation. *Collier* v. *Smith, supra; Hogg* v. *Nichols,* 134 Ark. 280. In the first of the cases just referred to there was involved an attempt to redeem under this statute from a confirmed sale made more than a year before the passage of this statute, the law as it existed at the time of the sale allowing one year within which there could be a redemption, and we decided that the Act of 1915 had no application under those circumstances, but that the rights of the parties concerning the redemption must be determined in accordance with the law as it existed at the time of the sale. The doctrine of that case was reiterated in the other case referred to above, but the facts were materially different in that the sale was made less than a year before the passage of the Act of 1915. But we again held that the statute had no application for the reason that the law as it existed at the time of the sale controlled the rights of the parties, and that the Legislature could not thereafter change it so as to affect existing rights. The present case differs from each of the other cases in that the sale was not confirmed until after the passage of the Act of 1915, but it also differs from the last case in the fact that the period of redemption required by the statute in existence at the time of the sale had expired before the present statute was enacted. The subject was very

thoroughly discussed in *Hogg* v. *Nichols, supra,* and the law as announced there absolutely controls, in appellant's favor, the decision of the present case. In the opinion in that case it was said: "We have examined the authorities carefully and find that the law regards and treats a judicial sale as contractual; and the laws of redemption in force at the time of the sale are a condition attached to the sale. In other words, the authorities seem practically unanimous in holding that the right to redeem from a tax sale is governed by the statute in force and effect at the time the sale was made." Many authorities were cited in support of the court's declaration of the law.

The only additional question which concerns us in the present case is the distinction found here in the fact that the sale had not been confirmed, but we are of the opinion that when the sale is viewed in the light of the rights which this court has frequently declared arise in favor of a purchaser at a judicial sale, it necessarily follows that to give this statute a retroactive effect so as to extend the right of redemption beyond the period under the law as it stood at the time of the sale would be an impairment of the obligation of the contract, which is expressly forbidden, not only by the Constitution of this State (art. II, sec 17) but likewise the Constitution of the United States. It was stated in that opinion that the authorities are practically unanimous in holding that the right of redemption from a tax sale must be determined according to the law in force at the time of the sale, and that the lawmakers can not extend the period of redemption by a statute passed after the sale takes place. In addition to the authorities cited in the opinion, we call attention to a decision of the Supreme Court of South Dakota expressly holding that a sale of lands for delinquent taxes constitutes a contract between the purchaser and the State, and that a statute extending the period of redemption can not be enacted so as to apply to a sale already made. *State* v. *Flypaa,* 3 S. D. 586.

The same rule was stated by Judge Cooley in this work on Constitutional Limitations, (7th ed. p. 412) as follows: "So a law is void which extends the time for the redemption of lands sold on execution, or for delinquent taxes, after the sales have been made; for in such a case the contract with the purchaser, and for which he has paid his money, is, that he shall have title at the time then provided by the law; and to extend the time for redemption is to alter the substance of the contract, as much as would be the extension of the time for payment of a promissory note."

In Freeman on Executions, sec. 315, the same rule is stated with reference to redemption from execution sales, and the author states the rule unequivocally that the Legislature can not pass a law extending the period of redemption so as to apply to a sale already made.

The case of *Thompson* v. *Sherrill,* 51 Ark. 453, which we cited in *Hogg* v. *Nichols, supra,* declared the law to be that "the right to redeem lands from a tax sale depends upon the statute in force at the date of the sale," and in that case the sale was one made by a commissioner of the chancery court under an overdue tax decree. In other words, there was involved, as in this case, the right of redemption under a judicial sale, and the court held that the right must be determined according to the statute in force at the date of the sale. The rule has been frequently declared by this court to be that a purchaser at a judicial sale acquires something more than a mere option to purchase at the price specified in his bid, that he acquires a right to an acceptance and confirmation of his bid which is consummated by the approval of the court, and that he has a right to insist upon such a confirmation where the sale has been regularly and fairly made in accordance with the law as it existed at the time of the sale.

It has been said that some of the earlier decisions of this court declare a different rule, but we do not find that to be true. An examination of the whole line of decisions of this court on that subject shows them to be in

complete harmony. For instance, in the case of *Sessions v. Peay,* 23 Ark. 39, which is claimed to be in conflict with the rule just stated, the court said: "The theory of sales of this character is, that the court is itself the vendor, and the commissioner or master is a mere agent in executing its will. The whole proceeding, from its incipient stage up to the final ratification of the reported sale, and the passing of the title to the vendee, and the money to the person entitled to it, is under the supervision and control of the court. The court will confirm or reject the reported sale, or suspend its completion, as the law and justice of the case may require." The same statement is found in the later case of *Thomason v. Craighead,* 32 Ark. 391; *Wells v. Rice,* 34 Ark. 346.

That statement of the rule concerning the control of the court over sales made by its commissioners does not imply that a purchaser prior to confirmation has acquired no substantial right. On the contrary, the rule is stated in those decisions to be that the court must pass upon the sale and approve or reject it "as the law or justice may require," meaning, of course, the law as it stood at the time the sale was made. Again in the case of *Greer v. Anderson,* 62 Ark. 213, we said that "no purchaser at such a sale has the right to rely absolutely upon the order of the court directing the sale, and the fact that the agent of the court has pursued the terms prescribed in making the sale." That statement, too, is in harmony with later decisions because the court retains control of the sale for the purpose of determining whether it has been made in accordance with the law, and the purchaser, though he has acquired a right to confirmation subject to the approval of the court according to the law at the time of the purchase, has no absolute right to his purchase, and must await the action of the court in approving the sale. The subject was fully reviewed by Judge Battle in the case of *Colonial & United States Mortgage Co. v. Sweet,* 65 Ark. 152, and the old English rule of allowing interested parties to raise the bid at any time be-

fore confirmation of judicial sales was rejected, and the rule was in substance stated to be that where the sale was fair and regular in all respects it should be confirmed by the court.

In the case of *Banks* v. *Directors of St. Francis Levee District,* 66 Ark. 490, which was a case involving confirmation of a sale of lands under decree for delinquent taxes, the owner having appeared before the confirmation and offered to redeem, we held that ''where a judicial sale of land has been conducted fairly, and in substantial compliance with the law and the orders of the court directing the same to be made. it is error to permit the original owner to redeem before confirmation.'' In *George* v. *Norwood,* 77 Ark. 216, we again discussed the question of the rights of a purchaser at a judicial sale, and we held that the purchaser upon the acceptance of his bid at the sale acquired a right to have the sale confirmed ''in the absence of fraud, irregularity or misconduct affecting the validity of a judicial sale,'' and we reversed the chancellor for refusing to confirm a sale.

In *Robertson* v. *McClintock,* 86 Ark. 255, the subject was again fully discussed and the law in this State was stated to be as follows: ''In some jurisdictions the commissioner is treated as a mere agent to take bids to be reported to the court. The highest bidder acquires no rights by his bid, and it is customary to open the bidding and to award the property to the man who will offer the highest price after the sale has been reported. The language employed in some of our earlier cases would indicate that this system was in the mind of the judge delivering the opinion, though the point was not decided. It is now, however, the settled law of this State, as it is of most of the States, that the highest bidder at a judicial sale, to whom the property has been struck off by the commissioner, acquires vested rights, which must be respected by the court.''

The following rule was announced by this court in the case of *Brasch* v. *Mumey,* 99 Ark. 324: ''The right

of the owner to redeem from a judicial sale exists, therefore, only in those cases which fall within the statute giving such privilege; and can be asserted within the time and manner prescribed by the statute, and not otherwise.''

The case of *Groves* v. *Keene,* 105 Ark. 40, is especially in point here for the reason that it came here on appeal from an order confirming a sale of lands sold under a delinquent tax decree, the original owner having appeared before the court before confirmation and offered to redeem by paying the taxes. We quoted with approval from the cases cited herein, and said: ''There was nothing in the facts of this record that would have justified the chancery court in refusing to approve and confirm the report of the commissioner who made the sale of the lands under the decree of the court. Appellee, therefore, acquired by his purchase at that sale vested rights. * * * These rights are created by statute, and a court of chancery can not annul them.''

The last case on the subject is *Gailey* v. *Ricketts,* 123 Ark. 18, and the doctrine is again stated in harmony with that so frequently announced by this court, as follows: ''It is settled that, until confirmation by the court, a sale made by a commissioner, under a decree of court, is not final and complete so as to pass the title to the property sold, and that such sale may be set aside before confirmation thereof, upon good and valid grounds. Still the purchaser at such a sale does not acquire a mere option, but a right to a deed, which becomes perfect upon the confirmation of his purchase, and which, if confirmed, relates back to the time of his purchase, and the deed to him conveys such interests as he would have acquired if he had received his deed at the time of his purchase.''

It would seem, therefore, to be just as well settled as a rule of law can be settled by repeated declarations of this court that a purchaser acquires a vested right by his bid accepted at a judicial sale, and it necessarily follows that if a right is thus acquired it is one which must be

respected by the courts and by the lawmakers, and that any effort on the part of the lawmakers to change the law so as to disturb those rights would operate as an impairment of the obligations of the contract. The protection of the Constitution extends to inchoate interests as well as to consummated rights and makes no distinction as to the magnitude or value of contracts but shields the obligation of them all from impairment.

In all the vast array of judicial authority and exposition of the law by text writers, the only discordant note that has been sounded is in the one decision of the Supreme Court of Pennsylvania in the case of *Gault's Appeal,* 33 Pa. St. 94. That case stands alone against the great weight of authority in holding that the Legislature had the power to extend the right of redemption under a sale already made, and the court based its conclusion on the control of the Legislature over the whole matter of taxation. The reasoning of the court is, we think, unsound, as the legislative control over the matter of taxation, or any other subject, does not imply the power to disturb vested rights in the exercise of that control. However, that decision related to a statute passed before the expiration of the period of redemption under the statute in force at the time of the sale, and for that reason it has no application to the present case. But aside from that, we think the case was decided wrong, and is in conflict with the great weight of authority, and in conflict with what we have often said and decided here.

It is argued that the question of redemption relates merely to the remedy, and a litigant can have no vested right in a mere remedy. Our view of the matter is that a right of redemption does not come within the limits of a mere remedy, but that it affects substantial rights, and where those rights are acquired before the passage of the statute they can not be disturbed.

There is an effort also to liken statutes conferring rights of redemption to those creating periods of limitation upon the institution of an action, but we find no

analogy between the two classes of statutes. Under a statute of limitations there is no vested right until the statute bar has attached, but a sale, either a judicial sale or a tax sale, as soon as the property is struck off to the highest bidder, creates contractual rights which vest immediately, and those rights must be determined according to the law existing at the time they accrue.

After careful consideration of the whole subject, a majority of the court has reached the conclusion that the Act of 1915 can have no application to sales already made at the time the statute went into effect. The decree of the chancellor is, therefore, reversed, and the cause is remanded with directions to enter a decree in appellant's favor in accordance with this opinion.

HART and SMITH, JJ., dissent.