The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, Arkansas 72201
Dear Mr. Daniels:
This is in response to your request for an opinion concerning the distribution of proceeds received from the sale or redemption of tax-delinquent lands. Specifically, you ask whether Act 424 of 1989, which repealed the former A.C.A. 26-37-205 (b)(1) (Supp. 1987),[1] applies only to sales taking place subsequent to the effective date of the act, or whether it applies as well to sales taking place prior to the effective date of the act.
Former A.C.A. 26-37-205 (Supp. 1987) provided the manner in which proceeds of sales of tax-delinquent lands were to be distributed by the Land Commissioner. It provided that the Commissioner was to receive first the collection fee, penalties, and costs authorized under A.C.A. 26-37-201 ET SEQ. Secondly, the counties were to receive the amount of the delinquent tax plus interest and costs. Thirdly, the remainder was to be placed in an escrow fund to be administered by the Commissioner. A.C.A. 26-37-205(b)(1) provided that if no actions were brought within two years after the date of conveyance, the former owners of the property, if ascertainable, were to receive the funds.
Act 424 of 1989 amended this procedure by eliminating the provision which provided that the former owners were to receive the proceeds. It provides that after the Commissioner's collection fee, penalties and costs, and the county's share of the taxes, plus interest and costs, the sum of one hundred dollars shall be placed in a special escrow fund to be disposed of "as prescribed by law". It then provides that any remaining amount shall be placed in another escrow account administered by the Commissioner. It further provides that if no actions are brought within seven years after the date of conveyance, the sum placed in this last escrow account shall escheat to the county. The former owners are not included in the distribution process under Act 424 of 1989.
Your question in light of the above, is as follows:
 Is the amendatory language of Act 424 limited only to sales taking place subsequent to the effective date of the Act, or is the language of Act 424 to be applied to distribution from sales taking place prior to the effective date of the Act? Stated in somewhat simpler terms: Is the law in effect at the time of the sale and collection applied? Or, is the law in effect at the time of distribution applied?
You note that tax sales began in November of 1987, making November of 1989 the first date that any proceeds could be distributed to former owners. You further note that with the two year limit approaching, your office has received several inquiries from former owners regarding the distribution of these funds. Your question is whether you are authorized to distribute these funds to owners whose land was sold prior to the effective date of Act 424, or whether Act 424 has taken away your legal authority to do so.
This issue presents a very close question of law. It is my opinion, however, after a careful review of the issue, that Act 424, by repealing former A.C.A. 26-37-205 (b)(1), requires that proceeds currently in the hands of the Land Commissioner received from the sale of tax-delinquent lands prior to the effective date of Act 424, be distributed in accordance with that act.
The legislature, in Act 424 of 1989, has amended A.C.A. 26-37-205
[not] by setting out the entire statute anew, but by deleting the portion providing for distribution to former owners, and by substituting a provision which requires that one hundred dollars be placed in a special escrow fund. Additionally, the act simply provides that after seven years, the remaining monies escheat to the county. The provision which provided for distribution to former owners was thus repealed by the general repealer clause in Section 3 of the act. The question for resolution is whether this repeal is to have retroactive effect, so as to deny former owners whose land was sold prior to the effective date of the repeal, any distribution of the proceeds. None of these former owners has received any distribution to date. Each was waiting for the expiration of the two year waiting period when the legislature repealed the law.
Initial consideration should be given to the legislative intent, as expressed by the language of the act. The legislature, as state previously, amended the existing statute by restating most of its provisions. The act provides that "all moneys collected by the Commission of State Lands from the sale or redemption of tax delinquent lands shall be distributed as follows. . . ." The act then prescribes the new amended procedure for distribution. We cannot glean any satisfying evidence of legislative intent from this language alone. It is unclear whether the legislature intended that all moneys HEREAFTER collected be distributed in accordance with the act, or whether all moneys COLLECTED and still in the hands of the Land Commissioner be distributed in accordance with the act's provisions. This being the case, we must resort to the rules of statutory construction to resolve the issue.
It should be noted that cases are legion in Arkansas for the proposition that statutes dealing with matters of substance rather than procedure are presumed to be non-retroactive. SEE E.G., HUFFMAN v. DAWKINS, 273 Ark. 520, 622 S.W.2d 159 (1981). It has also been held that in determining the issue of retroactivity, it is appropriate to consider the issue from the point of view of fairness, and from the point of view of the reasonableness of any disappointed expectations. FOWLER v. McHENRY, 22 Ark. App. 196
(Ark.App. 1987). Additionally, it has been held that "[e]ven where no question of vested rights is involved, the presumption is that repeal of a statute does not invalidate the accrued results of its operative tenure, and will not be thus retroactively construed as undoing accrued results if not clearly required by the language of the repealing act." CHISM v. PHELPS, 228 Ark. 936,311 S.W.2d 297 (1958).
The general rule regarding repealing acts is stated in 82 C.J.S. STATUTES 434 as follows:
 The general rule against the retrospective construction of statutes does not apply to repealing acts, which, in the absence of a savings clause or other clear expression of intention, are generally to be construed retrospectively. The repeal of a statute has the effect, except as to transactions passed and closed, of blotting it out as completely as if it had never existed, and of putting an end to all proceedings under it. . . . Every right or remedy created wholly by statute subsequently repealed falls with the repeal of the act which created it. [Footnotes omitted.]
82 C.J.S. STATUTES 434 at p. 1108, 1109.
The treatise cited above goes on, in Section 434, to state that on the other hand, the repeal of a statute will not operate to impair rights vested under it. Thus, a crucial aspect of determining the answer to your question is whether giving retroactive effect to Act 424's repeal of former A.C.A. 26-37-205(b)(1) would operate to disturb "vested rights" as noted above, or "accrued results" as set out in CHISM, SUPRA. In this regard, 82 C.J.S. 436 states:
 Where a right given by a statute is not by nature a vested right, and at the time of the repeal of the statute is still inchoate, as where it has not been reduced to judgment or otherwise executed, it will fall with the statute unless expressly excepted. . . . [Footnotes omitted.]
82 C.J.S. 436 at page 1011.
It should be noted that in Arkansas, it has been held that a former owner's statutory right of redemption is not a mere remedy, but affects substantial rights, and that where those rights are acquired before the passage of the statute, they cannot be disturbed. SMITH v. SPILLMAN, 135 Ark. 279 (1918). It has also been held with respect to the right of redemption that the law in place at the time of the sale controls. NORTHERN ROAD IMP. DIST. v. MEYERMANN. 169 Ark. 383 (1925).
It has also been stated, however, in 16A C.J.S. CONSTITUTIONAL LAW 242 that:
 Where absolute title to land is vested in the state or county by virtue of a tax deed, the state can provide any method it chooses for the subsequent disposition of the land, and can at any time change such method without impairing the right of any applicant to purchase or repurchase who has not complied with existing law.
16A C.J.S. CONSTITUTIONAL LAW 242 at p. 44.
We are not dealing here, however, with a statutory right of redemption. We are concerned with the former owner's contingent expectation to receive a portion of the proceeds of the sale. The right of statutory redemption is not contingent; it may be exercised anytime within the stated period, provided the former owner has the inclination and the financial wherewithal to do so. This fact renders this right more "substantial" and more nearly "vested". It is my opinion that this reasoning does not apply with equal weight to contingent rights, that is, rights the execution of which depend upon extraneous factors.
It is my opinion, in light of the authorities cited above, that a former land owner's "right" to receive a distribution of the proceed derived from a tax-delinquent land sale made by the Land Commissioner is not a "vested" or "accrued" right, but is an inchoate right, which could be taken away by the legislature by a retroactive repeal.
In this regard, it should be noted that the word "accrue" is defined by WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY (1972) as "to come into existence as a legally enforceable claim." WEBSTER'S, SUPRA at page 6. It is defined in BLACK'S LAW DICTIONARY (5th ed. 1979) as "[t]o become a present right or demand; to come to pass." BLACK'S, SUPRA at page 19.
Additionally, it should be noted that "vested" is defined by BLACK'S, SUPRA as follows:
 Fixed; accrued; settled; absolute. Having the character or given the rights of absolute ownership; not contingent; not subject to be defeated by a condition precedent. TO BE `VESTED', A RIGHT MUST BE MORE THAN A MERE EXPECTATION BASED ON AN ANTICIPATION OF THE CONTINUANCE OF AN EXISTING LAW; it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another. [Emphasis added.]
BLACK'S, SUPRA at page 1401. Any "right" a former owner had in the distribution of the proceeds received from a tax-delinquent land sale by the Commissioner was subject to be defeated by a condition precedent. The condition was that no actions be filed. Additionally, it is my opinion, in accordance with the language above, that a right is not vested merely because of an expectation of the continued existence of a particular law. SEE ALSO, Sutherland, STATUTORY CONSTRUCTION, 41.06, stating that "a citizen has no vested right in statutory privileges or exemptions." Finally, it appears that the right of a former land owner to receive part of the distribution was a right "created wholly by statute" (SEE C.J.S. 434, SUPRA), and thus falls within the repeal of the act which created it. In this regard, it should be noted that in CHISM, SUPRA, the court noted with approval language from C.J.S. to the effect that "[w]here, however, the statute is regarded not as creating a right, but only as providing a remedy where non existed at common law, its repeal has the effect of taking away the remedy for acts or omissions occurring while the statute was still in force." 228 Ark. at 940.
It could be argued, however, that by taking away a former owner's "right" to a distribution of the proceeds, Act 424's repeal affects "substantive" rights rather than "procedural" rights, and that as such, the legislation should not be given a retroactive effect. SEE HUFFMAN, SUPRA. The question of whether this repeal affects substantive as opposed to procedural rights is, in my opinion, and as is usually the case, a difficult one. On the one hand, the right is substantive because it is determinative of whether the former owner receives money. On the other hand, it involves the PROCEDURES by which the Land Commissioner distributes proceeds of land sales. It appears, however, that even if the "right" involved is a "substantive" one, the general rule in the case of repeals is that they are to be given a retroactive construction unless otherwise indicated, or unless they disturb "vested" as opposed to "substantive" rights. SEE C.J.S. 434 SUPRA. Even if the "right" involved is "substantive" it is not, in my opinion, necessarily "vested".[2]
Additionally, it is my opinion that the "right" of the former owner to receive a distribution is not a "right" at all, but a contingent entitlement to receive funds where none existed at common law. SEE CHISM, SUPRA. Finally, it is merely presumed that substantive provisions are prospective only, there is no absolute prohibition against it. In any event, with all of the relevant facts in mind, it is my opinion that the legislature intended that this repeal have retroactive effect. To conclude otherwise would be to conclude that the legislature envisioned and intended that the Land Commissioner would still be distributing proceeds to former owners two years after sales which occurred one day before the effective date of the act. Given a legislative intent in favor of retroactivity, the only constraint upon the legislature is a constitutional one. It cannot disturb "vested" rights. STREET IMP. DIST. NO. 419 v. LEWIS, 216 Ark. 595,226 S.W.2d 813 (1950). As stated previously, it is my opinion that the situation at hand does not involve a vested right.
One final argument may be made in favor of the prospective-only application of Act 424. Arkansas Code of 1987 Annotated 1-2-120
provides in subsection (c) that:
 No action, plea, prosecution, or proceeding, civil or criminal, pending at the time any statutory provision is repealed shall be affected by the repeal but shall proceed in all respects as if the statutory provision had not been repealed.
It may reasonably be concluded that the statute above does not apply in the absence of an "action, plea, prosecution, or proceeding". It is my opinion that the procedure to be followed by the Land Commissioner in distributing monies received from tax-delinquent land sales is not a "proceeding" within the meaning of the statute.
It is therefore my opinion, although it is a close question of law, that the distribution procedure set out in Act 424 applies with equal force to land sales made prior to the act's effective date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It should be noted that Act 424 states that it is amending A.C.A. 26-37-105, rather than 26-37-205. We view this discrepancy as a typographical error.
[2] We are not unmindful of the fact that in CHISM, SUPRA, the court held that even if the right involved did not rise to the dignity of a "vested" right, the "accrued" results of its operative tenure could still not be wiped out by a retroactive repeal. 228 Ark. at 942. Thus, the court refused to accept the notion that the existence of "vested" right is a prerequisite to a holding of non-retroactivity. It is my opinion, however, that the facts before us now are factually inapposite from those in CHISM (which involved a plaintiff's right to recovery for a railroad accident after a change in the comparative fault law,) and that the facts before us in this instance do not evidence any ACCRUED results of the statute's operative tenure. Nothing has taken place under the repealed statute. It granted an inchoate right upon which no action was ever taken.