## FERGUSON *v.* QUINN.

### (*Jackson.* June 16, 1896.)

1. TAXATION. *Remainder estate not liable.*

   Neither a remainder estate nor its owner is liable under our statutes for taxes that accrued against lands during the existence of the life estate. The life estate and its owner are alone subject to this burden. The tax lien attaches to the life estate alone, and the sale for taxes affects only the life estate. (*Post, pp. 47, 48.*)

   Cases cited and approved: Nashville *v.* Cowan, 10 Lea, 209; Stovall *v.* Austin, 16 Lea, 700.

2. SAME. *Life tenant is owner.*

   The life tenant is the "owner" of lands for purposes of taxation. (*Post, p. 48.*)

   Code construed: § 625 (M. & V.); § 561 (T. & S.).

3. PAYMENT. *Officious, of taxes by remainderman.*

   The payment by a remainderman of taxes for which the life estate and its owner are alone liable is officious, and the amount cannot be recovered or enforced against the life estate by suit. (*Post, pp. 48, 49.*)

4. REMAINDERMAN. *Cannot maintain bill quia timet, when.*

   The remainderman cannot maintain a bill *quia timet* to impound the rents of land and compel their application to the payment of delinquent taxes that have accrued during the life estate, or to sell the life tenant's interest for that purpose. (*Post, pp. 47–49.*)

---

FROM SHELBY.

---

Appeal from Second Chancery Court of Shelby County. STERLING PIERSON, Ch.

W. K. Poston for Ferguson.

Smith & Trezevant for Quinn.

John T. Allen, Sp. J. The bill in this case alleges that, under the will of Catherine Ferguson, the defendant has a life estate in the real property described, and complainants the estate in remainder (the will referred to took effect in September, 1891); that defendant has been in possession of the property since the death of Catherine Ferguson, occupying a part and collecting rents on the remainder of the property, and that defendant has failed to pay the taxes accruing since his life estate begun, and that this failure to pay the taxes endangers the remainder estate of complainants; that the property was advertised for sale, under the law of 1895, and complainants, to save said property, were forced to pay certain taxes, etc. The taxes were assessed under law, prior to the Act of the Legislature of 1895. This Act makes no material change in the law in respect to the question here involved. The bill prays for a receiver to collect the rent, to pay the taxes, and also for a lien to be declared upon the life estate of the defendant for the taxes already paid by complainants, and for a sale of the life estate to pay complainants' claim, and for an injunction to restrain defendant from collecting the rents, which was granted and issued.

A motion for dissolution of the injunction was made, on the ground that the taxes were a lien

only on the life estate, and that complainants' estate was not endangered by a failure to pay them. The motion was overruled. Defendant then demurred to the bill on the same ground, and the demurrer was overruled, and the defendant was allowed an appeal to this Court. Defendant assigned errors in this Court to the ruling of the Chancellor overruling his demurrer, etc.

The case presents squarely the question whether taxes accruing during a life estate are liens on that estate alone, or whether they are a lien on the fee in the property. Under § 625 of the Code, and subsequent legislation, property is assessed in the name of the owner, and his personalty is liable to these taxes, and may be, and, in fact, should be, subjected to the payment of the taxes before resorting to the realty. When this is the case, the taxes are assessed to the life tenant in possession, and the life estate is liable for their payment. Blackwell on Tax Titles, 548, 549.

It is settled in this State, in the cases of *Nashville* v. *Cowan*, 10 Lea, 209, and in *Stovall* v. *Austin*, 16 Lea, 700–709, that the life tenant in possession is the owner to whom the property should be assessed under the statute; and that it is incumbent on the life tenant to keep down the taxes, and that the life estate is liable for the taxes; and any sale of the real property for taxes during the life of the life tenant would only reach the life estate. This Court has uniformly held this to be the

Ferguson *v.* Quinn.

law. It is manifest complainants are not entitled to any relief under this bill, inasmuch as their estate in remainder is in no danger of being sold for the taxes complained of by them, so long as the life estate continues good for the taxes. The life estate in the case at bar still exists, and it is not pretended that this estate is not sufficient to pay the taxes. In no event, until the life estate shall have been exhausted, can complainants be in danger of having their remainder estate subjected. As to whether the remainder estate would then be liable for unpaid taxes against the life tenant does not arise in this case. After the life estate has expired, then the remaindermen are entitled to possession, and it becomes incumbent on them to keep down all taxes the property is subject to, and their interest in the property may then be reached for taxes against the property. It follows, therefore, that the payment of the taxes by them was officious, and they have no right to be substituted to the State's lien on the life estate for the amount so paid by them to discharge the taxes. 24 Am. & En. Enc. L., 281.

Decree reversed and bill dismissed.