### CHURCH *v.* SMITH.

TAXATION—PURCHASE OF STATE LANDS—NONPAYMENT OF EXISTING LIENS—STATUTES.

> One who bought and obtained a deed of state tax land prior to the taking effect of Act No. 229, Pub. Acts 1897, requiring subsequent purchasers of such lands to give six months' notice to the original owner as a condition precedent to their maintaining ejectment for the premises, was nevertheless within the terms of said act, where taxes constituting a lien upon the land at the time of his purchase, and which, under section 84 of the tax law of 1893, should then have been paid by him, were not paid until after the act of 1897 had become operative.

Error to Muskegon; Russell, J. Submitted May 10, 1899. Decided July 11, 1899.

Ejectment by Dayton Church against Aaron P. Smith and Sylvester Avery. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Arthur Jones,* for appellant.

*Bunker & Carpenter,* for appellees.

MONTGOMERY, J. The plaintiff brought suit in ejectment against the defendants, impleaded with two others, against whom suit was afterwards discontinued. The action is for the recovery of the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 31, in township 11 N., of range 16 W., to which premises the plaintiff claimed title in fee. The plea is the general issue. The plaintiff claimed title by proof of a tax deed for the taxes of 1892 and 1893. The deed was issued June 29, 1897, the application having been made to the auditor general on May 20th previous. The government title was shown to have been in the defendant Avery,

and possession was admitted to be in the defendant Smith. The court directed a verdict for the defendants, and the plaintiff brings error.

The defense is as follows:

1. That, when the auditor general made the sale to the plaintiff, the latter did not pay the taxes of 1896.

2. That, when the auditor general made this sale, the State was the owner of the title for the tax of 1891.

As to the first proposition, the facts are admitted by the plaintiff, but we are met by proof of subsequent payment. As to the second proposition, the facts are disputed by the plaintiff.

The application having been made May 20, 1897, it is conceded that the taxes for 1896 were a lien on the land, and, under the decision in *Hughes* v. *Jordan*, 118 Mich. 27, should have been paid. It is also conceded that they were not paid at that time. But the plaintiff showed upon the trial of the case that afterwards, and on August 4, 1898, he applied to the auditor general to pay these 1896 taxes, and did in fact pay them, and obtained a receipt dated September 30, 1898, which was offered in evidence.

At the time suit was brought, no title had vested in plaintiff. If it be said that his payment to the auditor general, together with his subsequent payment of the 1896 taxes, entitled him to a conveyance, the fact remains that the statute of 1897 (Act No. 229, Pub. Acts 1897), requiring notice of six months before ejectment can be brought, had in the meantime taken effect, and as the sale by the State had not taken place, or plaintiff entitled himself to a conveyance, until after the statute took effect, its provisions would control.

Judgment affirmed.

The other Justices concurred.