ELIZA J. SOLIS & others *vs.* WILLIAM WILLIAMS & another.

Suffolk. November 18, 19, 1909. — March 1, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Relevancy and materiality. *Fraud. Descent and Distribution. Devise and Legacy. Will. Conflict of Laws. Equity Jurisdiction,* Statute of limitations. *Tax,* Cancellation of tax deed. *Constitutional Law,* Obligation of contracts. *Statute,* Amendment. *Limitations, Statute of.*

Where, in a bill in equity, fraud on the part of the defendant is averred and is made one of the grounds for relief sought in the impeaching and setting aside of a certain transaction, evidence tending to show the relation of the parties to the alleged fraud and their conduct and their motives is admissible to explain the nature of the transaction which it is sought to impeach and set aside.

*It seems,* that land in this Commonwealth, undertaken to be devised by the will of one, who died domiciled in another State and whose will has been proved only in that State, may be treated as intestate property in a suit to redeem it from a tax sale.

A statute which attempted to extend the time within which land could be redeemed from tax sales already made under R. L. c. 13, §§ 58, 75, would be unconstitutional as impairing the obligation of contracts.

R. L. c. 13, § 75, giving to the Supreme Judicial Court and to the Superior Court jurisdiction in equity in all cases of taking or sale of land for the payment of taxes "if relief is sought within five years after the taking or sale," was amended by St. 1905, c. 325, § 3, which was approved on April 21, 1905, so that the period of limitation was made six years instead of five years. A suit in equity was begun on December 11, 1907, to cancel and discharge a tax deed given after a sale which occurred on January 10, 1902. *Held*, that the suit must be dismissed, because the amendment to the statute is applicable only to tax sales made after its passage.

BILL IN EQUITY, filed in the Superior Court on December 11, 1907, against William Williams and Robert J. Jones, seeking to have cancelled and discharged certain tax deeds under which the defendant Jones claimed title to real estate numbered 56 on Liverpool Street in that part of Boston called East Boston, and for an accounting of rents and profits received by the defendants.

The case was referred to Charles E. Shattuck, Esquire, as master. Numerous exceptions to the report of the master were filed, most of which, because of the reasons expressed in the last paragraph of the opinion, have become immaterial. The case was heard by *Dana*, J., and the exceptions to the report were overruled and a final decree entered dismissing the bill with costs. The plaintiffs appealed.

*J. C. Ivy*, (*C. S. Ensign, Jr.*, with him,) for the plaintiffs.

*R. D. Swain*, (*A. L. Nickerson* with him,) for the defendants.

BRALEY, J. The demurrer having been rightly overruled as the bill on its face stated a case for equitable relief, the question for decision is whether upon the master's report, to which the plaintiffs have taken numerous exceptions, the decree dismissing the bill should be reversed.

By his will, Sewell F. Barker devised to his son, Charles H. Barker, a life estate with remainder to his other children, Mary E. Cary, Eliza J. Solis and Sewell F. Barker. The tenant for life having died, the plaintiffs Solis and Barker, in whom the remainder vested at the testator's death, and the plaintiff Cary who claims title under a devise from his wife, Mary E. Cary, of her share, ask specifically that certain tax deeds, under which the defendant Jones claims the fee, be cancelled, with an accounting for rents and profits received while in possession.

Inasmuch as the only interest the defendant Williams acquired was by purchase of the life estate, the money he received after it terminated belonged to the defendant Jones, by whose permission he collected the rents, and the bill as to him was properly dismissed.

The cancellation or discharge of invalid conveyances of record, which if allowed to stand cast doubt or uncertainty upon a title otherwise good, is a well recognized subject of equity jurisdiction. *Rogers* v. *Nichols*, 186 Mass. 440. *Sawyer* v. *Cook*, 188 Mass. 163, 170. The bill charges in the third and fourth paragraphs, that one Bailey, from whom Jones (who hereinafter will be called the defendant) purchased with knowledge of the fraudulent purpose, united with the life tenant and his wife in a scheme to permit the property to be sold for non-payment of taxes, in order that Bailey should buy at the sale for the purpose of depriving the plaintiffs of their remainder in the land. But upon evidence not reported, the master finds these allegations have not been proved, and, having become unimportant, they may be dismissed. The exceptions to his findings as to the necessitous condition of the life tenant and his family, which influenced Bailey to lend money to them from time to time for their support, and that to secure repayment of the loans he bid off the property at the first sale, are without merit and must be overruled. Where fraud is charged, the relation of the parties, their conduct and motives are admissible to explain the nature of the transaction which it is sought to impeach and set aside. In reference to the purchase by Bailey at the sale for the taxes of 1900, the master reports that it was orally " arranged between Mr. and Mrs. Barker that he should purchase the property at the sale as security for his loans . . . which then amounted to $1,300. It was further agreed that when Mr. Bailey should have received from the rents of the property a sufficient amount to pay the indebtedness . . . he should reconvey to Mrs. Barker." No conveyance by the life tenant or those claiming under him was ever made to Bailey, and it was not until after receiving the collector's deed that he entered into possession. The master having decided that before the time for redemption expired, either under this sale or subsequent sales for non-payment of taxes during his occupation, and where the grantees in the col-

lector's deeds conveyed to him, the rents were more than sufficient to have repaid all the assessments and charges, the plaintiffs contend, that the rents should have been applied in redemption, and, as equity will treat that as done which ought to have been done, that the tax titles never became absolute but were discharged by payment. The master, however, found that the defendant bought for a valuable consideration, without notice of the arrangement. Undoubtedly it is the duty of the life tenant and of those who may succeed to his estate by purchase to pay the taxes assessed upon the property, nor can they by payment acquire any adverse rights against the remaindermen. *Widersum* v. *Bender,* 172 Mass. 436, 438. *Varney* v. *Stevens,* 22 Maine, 331, 334. *Garland* v. *Garland,* 73 Maine, 97. *Murch* v. *Smith Manuf. Co.* 2 Dick. 193. *Ferguson* v. *Quinn,* 97 Tenn. 46. *Defreese* v. *Lake,* 109 Mich. 415, 429. *Reyburn* v. *Wallace,* 93 Mo. 326, 329. *Stevens* v. *Melcher,* 152 N. Y. 551. *Pike* v. *Wassell,* 94 U. S. 711. But Bailey's title was not derived from the tenant. The taxes for the year 1900 and 1901 had been lawfully assessed, even if the tenant held an estate for the life of her husband, and the report states that the sales by the collector were valid. *Bates* v. *Sharon,* 175 Mass. 293. The conveyance to Bailey of the tax title held by the grantees who purchased at the sale for a failure to pay the taxes assessed for the year 1901 also conveyed an independent title. The lien for that year's assessment was paramount to the previous liens under which he held the land. *Keen* v. *Sheehan,* 154 Mass. 208. *Abbott* v. *Frost,* 185 Mass. 398, 401. The tax lien attached to the entire estate, and the collector's deeds conveyed a fee by an independent title which under Bailey's conveyance to him vested in the defendant. *Abbott* v. *Frost,* 185 Mass. 398, 401. *Weeks* v. *Grace,* 194 Mass. 296, 300. *Watkins* v. *Green,* 101 Mich. 493. The assessment to Bailey of the taxes for 1904 under which the property was again sold by the collector to one Nickerson, who then conveyed to the defendant, was properly levied. Where an estate has been sold for taxes and the deed to the purchaser recorded, the assessors may lawfully tax the property to the grantee. *Roberts* v. *Welsh,* 192 Mass. 278. *Rogers* v. *Lynn,* 200 Mass. 354. *Charland* v. *Home for Aged Women,* 204 Mass. 563.

It follows from the master's conclusions upon unreported

evidence that the defendant is an innocent purchaser for value. The plaintiffs not having shown that actual possession and the legal title are united in them, the bill cannot be maintained for a cancellation of the various tax deeds which they allege were invalid. *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196, 209. But as the purchaser at a tax sale and those who claim under him hold the title subject to the right of redemption, the plaintiffs under the prayer for general relief ask for leave to redeem. *Wiggins* v. *Brand*, 202 Mass. 141, 147. *Bullock* v. *Adams*, 5 C. E. Green, 367. Both branches of the case were decided by the master, who without further stating his reasons reports that it would be inequitable under the circumstances to permit redemption.

It appears from the report that the plaintiffs were non-residents, and there is no finding as to when they first knew of the sale or sales by the collector. The duty of paying the assessments did not devolve upon them, and while the remaindermen knew of the poverty of their brother, they are not shown to have been actually informed that the taxes were in arrears, or in possession of any information which should have put them upon inquiry. If there was no actual intent to defraud, neglect to pay the taxes by the life tenant or those who by purchase succeeded to his interest, and their entering into an agreement whereby Bailey should acquire the property at a tax sale in payment of sums advanced to the life tenant, or to hold it as security until the loans were repaid and then to convey the premises to the life tenant or his wife, effectually destroyed the remainder and in law was a fraud upon the plaintiffs. *Varney* v. *Stevens*, 22 Maine, 331, 334. *Burgess* v. *Robinson*, 95 Maine, 120, 127. *Cannon* v. *Barry*, 59 Miss. 289. By Pub. Sts. c. 124, § 16, re-enacted in R. L. c. 185, § 1, an action of waste, if seasonably brought, could have been maintained against the life tenant, his wife and Bailey, to recover the estate with " the amount of the damage." *Sackett* v. *Sackett*, 8 Pick. 309. *Stetson* v. *Day*, 51 Maine, 434, 436. *Padelford* v. *Padelford*, 7 Pick. 152. The defendant has pleaded laches, but the report contains no finding that the plaintiffs have been negligent. Indeed the inference to be drawn from what the master says is that until the death of the life tenant in May, 1907, the title

was not examined. In consequence of the investigation which then followed the bill was filed. In stating the account it appears that the receipts from rents exceeded all disbursements and advancements made by Bailey, and that since coming into possession the defendant has been reimbursed for all expenditures on the property. If no tender preceded the bringing of the suit, the offer in the bill to pay any sum which might be found due upon an accounting was sufficient. *Green* v. *Tanner,* 8 Met. 411. *Simonds* v. *Towne,* 4 Gray, 603. *Way* v. *Mullett,* 143 Mass. 49. *Dennett* v. *Codman,* 158 Mass. 371, 374.

The will under which the plaintiff Cary claims as devisee never having been admitted to ancillary probate, the defendant contends that he failed to establish his right to redeem. A will without probate does not pass title to lands, and its admission to probate in the foreign domicil of the testatrix, and nothing more, was not effectual to vest the plaintiff with her interest. *Dublin* v. *Chadbourn,* 16 Mass. 433. *Campbell* v. *Sheldon,* 13 Pick. 8. *Campbell* v. *Wallace,* 10 Gray, 162. *Chase* v. *Chase,* 2 Allen, 101, 104. But if, as to the real property in this Commonwealth, the will is a nullity by the law of the forum without ancillary probate, his rights may be determined as if she died intestate. By R. L. c. 140, § 3, whether children were born of the marriage, or they were childless, he takes an estate in fee either of his wife's share or one third of it, and may redeem. The defendant, however, would not be aided even if the bill as to Cary were dismissed. It is settled that a tenant in common can redeem, although upon redemption the tax lien is kept alive for his benefit until his co-tenants pay their share of the redemption money. *Hurley* v. *Hurley,* 148 Mass. 444.

If ordinarily under these circumstances equitable relief should be decreed, the defendant's answer avers that, suit not having been brought within the time allowed for redemption, the bill must be dismissed. *Widersum* v. *Bender,* 172 Mass. 436. *O'Callaghan* v. *Lancy,* 187 Mass. 474. The first sale occurred January 10, 1902, and the bill was filed December 11, 1907, and not only had the period of two years expired under R. L. c. 13, § 58, but under § 75 permitting relief in equity if sought within five years from the date of sale the bill was filed too late. But if by St. 1905, c. 325, § 3, section 75 was amended and the period

extended to six years, the plaintiffs still .are barred. A valid sale by the collector is a contract, subject to the provisions of law then in force relating to sales for unpaid taxes. The grantee is seised at the time of conveyance and, acquires a vested interest, which can be devested only by redemption. It was not therefore within the power of the Legislature by the subsequent statute, to import new terms into the sale, without impairing the obligation of contracts. *Perry* v. *Lancy*, 179 Mass. 183. *Barnitz* v. *Beverly*, 163 U. S. 118. *Dikeman* v. *Dikeman*, 11 Paige, 484. *Merrill* v. *Dearing*, 32 Minn. 479, 481. *Sigman* v. *Lundy*, 66 Miss. 522. *Robinson* v. *Howe*, 13 Wis. 341. *Rollins* v. *Wright*, 93 Cal. 395. The amendatory act being applicable only to sales made after its passage, the decrees of the Superior Court overruling the exceptions and dismissing the bill must be affirmed.

*So ordered.*