## STANDLEY v. UNITED STATES RAILROAD ADMINISTRATION et al.

### (District Court, N. D. Ohio, E. D.    August 5, 1920.)

#### No. 10193.

1. **Constitutional law ⬳107, 308—Limitation of actions ⬳4(2)—Exclusion of period of federal control from computation of limitations valid.**

   Transportation Act 1920, § 206, par. F, providing that the period of federal control shall not be computed as part of the periods of limitation in actions against carriers for causes of action arising prior to federal control, excludes from such periods the period of federal control from December 31, 1917, to March 1, 1920, and is valid even as applied to a cause of action for personal injuries against a carrier, which was barred February 28, 1920, when the act was approved, as there is no constitutional prohibition forbidding the removal of the bar of limitations against causes of action based upon debts, claims, or personal demands, even though the bar has already attached when the act is passed, and the power of Congress to legislate upon this subject-matter rests on the same basis as its power to pass the other acts relating to federal control.

2. **Pleading ⬳217(2)—Demurrer searches record.**

   Plaintiff's demurrer to the answer searches the record, and calls for a decision as to whether a good cause of action is stated by the petition.

3. **Railroads ⬳5½, New, vol. 6A Key-No. Series—Director General not suable for injury prior to federal control.**

   No liability exists and no action can be maintained against the Director General of Railroads on a cause of action for personal injuries arising prior to federal control of railroads.

At Law. Action by Asie E. Standley against the United States Railroad Administration, Walker D. Hines, Director General of Railroads, and the Pennsylvania Railroad Company. On plaintiff's demurrer to a defense in the answer. Sustained, and sustained as to the petition, so far as it makes the Director General a defendant.

J. B. Dworken and Mathews, Bell & Winsper, all of Cleveland, Ohio, for plaintiff.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. [1] This case is before me on plaintiff's demurrer to the second defense set forth in answer filed herein February 6, 1920. This defense is that plaintiff's cause of action, which is for personal injuries, accrued July 21, 1914, and that, inasmuch as the petition herein was not filed until June 21, 1919, plaintiff's action is barred by section 11224, G. C. of Ohio, requiring actions of this character to be instituted within four years after the cause thereof first accrued. This defense would be good, except for the reservation contained in paragraph F of section 206, Transportation Act 1920, 41 Stat. 456. This reservation is in these words:

"The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the commission for causes of action arising prior to federal control."

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This language applies to plaintiff's cause of action, and admits of no other interpretation than that the period of federal control is not to be taken into account in computing the period of time within which causes of action are barred by statutes of limitation. The period of federal control thus excluded runs from and after December 31, 1917, to March 1, 1920, and, excluding this time, plaintiff's action is not barred by the four-year statute of limitations.

Nor can any question be properly made respecting the power of Congress to enact this legislation. Plaintiff's action, it is true, was barred February 28, 1920, when this act was approved; but there is no constitutional prohibition forbidding the removal of the bar of the statute of limitations against causes of action based upon debts, claims, or personal demands, even though the bar has already attached when the act is passed. Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483; 12 Corpus Juris, 980, § 576.

Nor does it seem to me any question can be made as to the power of Congress to legislate upon this subject-matter. Its power so to do rests upon the same basis as its power to pass the other acts relating to the federal control of railroads.

[2, 3] This demurrer, however, searches the record and calls for a decision as to whether a good cause of action is stated in plaintiff's petition against these defendants. The cause of action, it is alleged, arose prior to the period of federal control. A liability, if one is stated, exists only against the Pennsylvania Railroad Company, then in control of and operating its lines of railway. No liability exists and no action can be maintained against the Director General of Railroads on a cause of action thus arising prior to and not during the period when the Director General was in control of and operating the lines of railway owned by the Pennsylvania Railroad Company. For these reasons, no cause of action is stated against the Director General, and the demurrer will be sustained to the petition, so far as it makes him a defendant.

Leave is given plaintiff to file within 10 days a proper amended petition against the Pennsylvania Railroad Company alone. An exception will be noted to this ruling on behalf both of the defendants and the plaintiff, so far as it is adverse to each of them respectively.