## WENATCHEE PRODUCE CO. v. GREAT NORTHERN RY. CO.

(District Court, E. D. Washington, N. D.    March 18, 1921.)

No. 3382.

1. **War ⬥⟶4—Congress may extend state statutes of limitation as war measure.**

    Congress may, as a war measure, extend the period of limitation fixed by the laws of the several states.

2. **Constitutional law ⬥⟶107—Statute excluding period of federal control in computing limitation of actions against carriers constitutional.**

    The provision of Transportation Act Feb. 28, 1920, tit. 2, § 206(f), that "the period of federal control shall not be computed as a part of the periods of limitation in actions against carriers * * * for causes of action arising prior to federal control," *held* constitutional as applied to an action against a railroad company for damages for failure to furnish cars to a shipper, which would otherwise be barred by the general statute of limitations of the state.

At Law.    Action by the Wenatchee Produce Company against the Great Northern Railway Company.    On demurrer to complaint.    Overruled.

Barrows & Hanna, of Wenatchee, Wash., for plaintiff.

Charles S. Albert and Ernest E. Sargeant, both of Spokane, Wash., for defendant.

RUDKIN, District Judge.    This is an action against an interstate carrier to recover damages for failure to furnish cars for the shipment of apples.    A demurrer has been interposed to the complaint, on the ground that the action was not commenced within the time limited by law.    It is conceded on the part of the plaintiff that the claim in suit is barred by the state statute of limitations, independent of the following provision found in the Transportation Act of 1920 (41 Stat. 462, c. 91, tit. 2, § 206[f])':

"The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control."

On the other hand, it is conceded on the part of the defendant that the claim is not barred if the above provision is constitutional.    The right of a state to repeal a statute of limitations, or extend the period within which actions may be brought, even after the bar of the statute has become complete, is well settled.    Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483.    The rule is, of course, subject to the limitation that the Legislature may not, by repeal or extension, divest property rights, as where the title to property passes from one person to another by adverse possession or by mere lapse of time.    There may be other exceptions, but with these we are not now concerned.

[1] It is equally well settled that Congress may, as a war measure, extend the period of limitation fixed by the laws of the several states.    Such was the decision of the Supreme Court in Stewart v. Kahn, 11

Wall. 493, 20 L. Ed. 176, based on the Act of June 11, 1864 (13 Stat. 123, c. 118), which provided that the time during which certain persons were beyond the reach of judicial process should not be taken as any part of the time limited by law for the commencement of actions. True, that act was limited to the zone of hostilities; but, when the existence of the power is once conceded, its limits cannot be circumscribed by the courts. As said by the court in that case:

"Congress is authorized to make all laws necessary and proper to carry into effect the granted powers. The measures to be taken in carrying on war and to suppress insurrection are not defined. The decision of all such questions rests wholly in the discretion of those to whom the substantial powers involved are confided by the Constitution. In the latter case the power is not limited to victories in the field and the dispersion of the insurgent forces. It carries with it inherently the power to guard against the immediate renewal of the conflict, and to remedy the evils which have arisen from its rise and progress. This act falls within the latter category. The power to pass it is necessarily implied from the powers to make war and suppress insurrections. It is a beneficent exercise of this authority."

[2] On the argument the court was furnished with a report or brief prepared by a special committee of counsel representing the Western Trunk Lines, which contains an able review of the authorities. It is there conceded that the act would be valid, if applicable to cases where the limitation affects the remedy only; but it is urged that, inasmuch as there are many cases within its terms to which the act cannot constitutionally apply, it is therefore void in its entirety. Some of the cases to which the act cannot be made applicable without bringing it in conflict with the Constitution are those arising under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), Lord Campbell's Act, reparation cases, and perhaps others. In these latter cases it will be conceded that the time fixed is a part of the right granted or created, not a mere limitation only, and whether in such cases Congress could, after the expiration of the time, extend the period may well admit of question. In fact, I do not think that any such power exists in Congress or elsewhere.

But the fact that the act may not be valid when applied to every case that might possibly fall within its provisions does not necessarily invalidate it as to all other cases covered by it. Thus, in the case to which we have referred, the Supreme Court upheld the statute where the limitation applied to the remedy only and divested no property rights, but denied its efficacy in other cases, where property rights would be affected or titles divested. The time for bringing actions under the various death statutes, under the federal Employers' Liability Act, and other kindred statutes is not, strictly speaking, a statute of limitations at all, but is a mere limitation upon the right created by the statute, and follows that right into every other jurisdiction regardless of local statutes of limitations. It might well be said, therefore, that such cases do not fall within either the letter or the spirit of the statute; but in any event I am of opinion that the statute is clearly applicable to the case now before the court, and to that extent is constitutional and valid. The court is not at liberty to inquire into the motives of Congress or the reasons for the act; but, if permitted to do so, the fact that many rail-

roads refused to acknowledge the validity of process served on railroad agents in the employ of the Railroad Administration, because not agents of the company, and refused to acknowledge the validity of process served on statutory agents when the cause of action arose outside of the state for which the agent was appointed, thus hampering litigants in the prosecution of claims against the companies, may have induced Congress to enact the provision in question. But, as already stated, the reason is not a proper subject for judicial inquiry.

The demurrer is overruled.