## LAKEWOOD ENGINEERING CO. v. NEW YORK CENT. R. CO. (two cases).

(District Court, N. D. Ohio, E. D.   November 4, 1924.)

Nos. 12743, 12744.

**Constitutional law ⊜⇒308—Limitation of actions ⊜⇒4(2)—Statute reviving claim for reparations held not unconstitutional as taking property without due process of law.**

Transportation Act Feb. 28, 1920, § 206, cl. (f), being Comp. St. Ann. Supp. 1923, § 10071¼cc, excluding period of federal control from period of limitation against reparation claims as applied to claim already barred under Interstate Commerce Act, § 16, before enactment of Transportation Act, does not take carrier's property in violation of Const. Amend. 5, as to due process of law.

Two actions by the Lakewood Engineering Company against the New York Central Railroad Company.   On demurrers to petitions.   Demurrers overruled.

Mark A. Copeland, of Cleveland, Ohio, for plaintiff.

West, Lamb & Westenhaver and S. H. West, all of Cleveland, Ohio., for defendant.

WESTENHAVER, District Judge.   The question of law raised by demurrer is the

same in both cases. The defendant during the year 1917 and prior to federal control exacted from plaintiff an excessive freight rate on certain shipments. Plaintiff's complaint and application for a reparation order was not filed with the Interstate Commerce Commission until March 8, 1921. Thus it appears that more than two years had elapsed after plaintiff's several causes of action accrued before the filing of said complaint and also before the enactment of the Transportation Act of 1920. It is defendant's contention that section 16, Interstate Commerce Act (Comp. St. § 8584), requiring reparation claims to be filed with the Interstate Commerce Commission within two years from the time the cause of action accrues, and not after, bars not merely the remedy, but extinguishes the right, and hence that section 206, clause (f), Transportation Act of 1920 (Comp. St. Ann. Supp. .1923, § 10071¼cc), may not revive the extinguished right by providing that the period of federal control should be excluded in computing periods of limitation in claims for reparation. Supporting the contention that said section 16 not merely bars the remedy, but extinguishes the right are cited Phillips v. Grand Trunk, etc., Ry. Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; United States ex rel. Cement Co. v. I. C. C., 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914, and a dictum of Judge Rudkin in Wenatchee Produce Co. v. Great Northern Ry. Co. (D. C.) 271 F. 784, 785.

It is not seriously urged that section 206, clause (f), does not or was not intended by Congress to apply to the present situation. Its language is plain, and neither admits nor requires interpretation. It provides in plain and express language that the period of federal control shall not be computed as a part of the periods of limitations in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control. Congress could have had in mind no other peri-

od of limitation in reparation claims than the two-year clause of section 16. Hence defendant's contention involves a determination that it was beyond the constitutional power of Congress to apply a retroactive statute of limitations to a reparation claim. To sustain this contention requires a holding that section 206, clause (f), deprives defendant of its property without due process of law, in violation of the Fifth Amendment. This is a strong proposition. Defendant here has wrongfully exacted an unreasonable and excessive charge for the transportation of freight. It has collected from plaintiff and put in its pocket sums of money which, in equity and good conscience, belong to plaintiff. It would seem that this is in substance a debt which is as much owing now as it was when wrongfully exacted. It is difficult to perceive how defendant is deprived of its property without due process of law by being deprived of its right to rely on a statutory bar, whether one which bars a remedy or extinguishes a right, when the result is merely to make defendant refund money rightfully belonging to plaintiff. The limitations upon legislative power to deprive one of property under the guise of a retroactive statute of limitations as set forth in Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483, have been carefully considered, and, in my opinion, have no application to the present situation.

This conclusion is in accord with San Diego & A. Ry. Co. v. Atchison, T. & S. F. Ry. Co. (D. C.) 293 F. 139; Arcadia Mills v. Carolina, C. & O. Ry. (D. C.) 293 F. 639, 644, 645. I am in full accord with the reasoning as well as the conclusions of these cases. See, also, Standley v. U. S. Railroad Administration (D. C.) 271 F. 794; Wenatchee Produce Co. v. Great Northern Ry. Co. (D. C.) 271 F. 784.

The demurrers will be overruled in both cases. Exceptions will be noted.