### ROTT *v.* STEFFENS.

TAXATION—TAX SALES—DETROIT CHARTER—AMENDMENT TO CHARTER NOT APPLICABLE TO TAX SALES PRIOR THERETO—CONSTITUTIONAL LAW.

An amendment to the charter of the city of Detroit, adding six months to the period of redemption from sales for delinquent city taxes, and providing for notice of reconveyance similar to that provided in the general tax law (1 Comp. Laws 1915, § 4138), *held*, inapplicable to sales made prior to the adoption of said amendment; since to hold otherwise would result in the impairment of contract obligations in violation of the Constitution.[1]

Certiorari to Wayne; Dingeman (Harry J.), J. Submitted October 28, 1924.    (Calendar No. 31,149.) Decided December 10, 1924.

Mandamus by David Rott to compel Henry Steffens, Jr., and others to issue conveyances of certain property delinquent for taxes.    From an order granting the writ, defendants bring certiorari.    Affirmed.

---

[1]Municipal Corporations, 28 Cyc. p. 1723.

On constitutionality of statute extending period of redemption from judicial or tax sale, or sale upon mortgage foreclosure, see note in 1 A. L. R. 143.

*Walter Barlow* (*George A. Kelly,* of counsel); for appellants.

*Harold M. Shapero* (*Samuel Shapero,* of counsel), for appellee.

Without quoting, because of their length, the provisions of the former charter of the city of Detroit with reference to the sale of real estate returned for delinquent taxes, it will suffice to say that the sales were made on the 1st of June of a lease for a term of years, and a certificate of sale was issued to the purchaser, the owner had one year in which to redeem, and, unless redeemed within that time, the owner of the certificate was entitled to a deed or lease for the term bid.   The city adopted a new charter June 25, 1918, effective June 27, 1918, which made additional provisions, among them (title 6, chap. 4, § 24) being the provision that after the year of redemption had expired the purchaser should not receive his deed until six months after he had given a notice similar to the notice of reconveyance provided for by Act No. 229, Pub. Acts 1897 (1 Comp. Laws 1915, § 4138).   On June 1, 1914, John Faust purchased at the annual tax sale a lease for 99 years of certain premises, paid the amount of his bid and received the proper certificate of sale reciting that one year from the date of the sale he was entitled to a conveyance of the premises for the term named unless redeemed or otherwise discharged according to law.   On June 1, 1918, Charles H. Wiltsie bid off certain other premises for like term, paid the amount of his bid, and was given a like certificate of sale.   Both of these certificates passed by proper assignments to the present plaintiff.   Plaintiff without complying with the provisions of the new charter, which took effect after both sales had been made and certificates issued, applied to defendants for the issuance of the deeds or leases.   This request was

refused because of the provisions of the new charter and this proceeding for mandamus was instituted in the circuit court where mandamus was issued as prayed.    To review this judgment, we allowed a writ of certiorari.

FELLOWS, J. (*after stating the facts*).    In the answer of defendants the defense of laches was not set up; neither the owner of the land nor the defendants have been harmed by the delay; and public policy requires a disposition of the case on the merits.    Defendants contend that the provisions of the new charter apply to sales made under the old charter and that if we should so hold no constitutional rights of plaintiff would be invaded.    Plaintiff on the other hand insists that the sale to his assignors constituted a contract which would be impaired by the new legislation if held applicable to sales made previous to its adoption and for this reason and others, we should hold the legislation to be prospective, applicable only to sales made after its adoption.

We shall first consider the cases from this court relied on by defendants' counsel.    The case most strongly relied on is *Weller* v. *Wheelock,* 155 Mich. 698.    We think that case clearly distinguishable from the case before us.    In that case the change in the statute permitted payment to the register in chancery which was the provision under consideration; and Mr. Justice MONTGOMERY who wrote the prevailing opinion which settled the law (*Dolph* v. *Norton,* 158 Mich. 417) expressly pointed out that the time of redemption was not extended by the statute while here it is extended at least six months; he also pointed out that:

"It is not necessary in this case to determine whether, in so far as the amendment of 1903 attempted to confer a right upon another class, namely, pur-

chasers under tax titles, it was ineffective, in that it impaired the obligation of contracts.    That question is not involved in this case."

When, however, this latter question did come before the court in *Curry* v. *Backus*, 156 Mich. 342, it was held (we quote from the syllabus):

"The tax law as amended by Act No. 142, Pub. Acts 1905, requiring the service of a notice to redeem from the sale of land for taxes upon the actual occupant of said land, does not apply to a sale and execution of the State's deed before the passage of the act; such construction imposes an additional burden upon the purchaser and impairs the obligation of the contract. *Weller* v. *Wheelock*, 155 Mich. 698, distinguished."

In *Clugston* v. *Rogers*, 203 Mich. 339, the amendment had reference to the form of the notice which this court held had to do only with the mode of procedure and did not affect the substantial rights of the parties.    In *Church* v. *Smith*, 121 Mich. 97, also relied upon, the purchaser did not pay the taxes for 1896 before the act of 1897 went into effect but paid them after the suit was brought; under the law he was required to pay these taxes to make this purchase effectual.    It was held that when he brought the suit he had no title and that his payment to perfect and acquire title being made after the act was passed made him subject to its provisions.    But in *Eldridge* v. *Richmond*, 120 Mich. 586, where the purchaser had paid his money and filed his application and had acquired his rights before the law took effect, it was held that it did not apply to him even though the deed was not issued until some time after the act took effect.    While not cited, *State Savings Bank* v. *Matthews*, 123 Mich. 56, should also be considered. That case had under consideration Act No. 200, Pub. Acts 1899, which dealt with the foreclosure of mortgages in chancery, and which without extending or

shortening the time for redemption permitted the sale after six months from the time the bill was filed.    It was held that the statute affected the remedy and not the substantial rights of the parties and that it was applicable to pending proceedings.    Cases from other courts relied upon by defendants' counsel will be considered later.

Section 1560, 4 Cooley on Taxation (4th Ed.), reads:

"What Law Governs.    The statute in force at the time of the sale governs the right of redemption.    A subsequent act giving the right to redeem is ineffectual to confer the right."

And in the next section will be found the following:

"Now the purchase at a tax-sale is clearly a contract. It is made under the law as it then exists, and upon the terms prescribed by the law.    No subsequent statute can import new terms into the contract, or add to those before expressed.    If it could be changed in one particular, it could be in all; if subject to legislative control at all, it is wholly at the legislative mercy.    Lengthening the time within which the land may be redeemed, as applicable to tax-sales already made, is unconstitutional as impairing the obligation of a contract."

In section 729, 2 Blackwell on Tax Titles (5th Ed.), it is said:

"The law in being at the time of sale governs the right of redemption.    The time can be neither lengthened nor shortened by subsequent legislation. Even though power be expressly reserved in the revenue laws to change the period, any statute attempting to alter the period as to any sale made under previously existing laws will be unconstitutional, as a sale is a contract, and such change is void as impairing its obligation."

Ruling Case Law speaking on this subject (26 R. C. L. p. 434) says:

"The sale of land for delinquent taxes constitutes a contract between the purchaser and the State, the

obligations of which cannot be impaired to the disadvantage of the purchaser by subsequent legislation. The purchaser is entitled to insist that, as to matters of substance pertaining to the interest acquired by him and the right of redemption remaining in the owner, the law in force at the time of the sale shall govern."

And 12 C. J. p. 1002 thus states the rule:

"The law in force at the time a tax sale is made becomes a part of the purchaser's contract, and any subsequent statute which attempts to deprive him of any substantial right secured to him by the existing law is void as impairing the obligation of contracts."

Some of the early cases in this court are, we think, by analogy applicable. Prior to Act No. 62 of 1843 (Session Laws of 1843, p. 139) under the usual covenants of a mortgage, the mortgagee, in default of payment, could enter the premises, sell them at public auction, retain the amount due, and pay the surplus to the mortgagor. In *Mundy* v. *Monroe*, 1 Mich. 68, the mortgage involved was given prior to the enactment of the statute which gave time for redemption. It was contended that the act so far as it applied to mortgages executed before its enactment was unconstitutional in that it impaired the obligation of contract. The opinion fully considers the question and sustains the contention. The case was followed in *Blackwood* v. *Van Vleet*, 11 Mich. 252. In *Cargill* v. *Power*, 1 Mich. 369, the mortgage was given when the law permitted redemption within two years (Act No. 40, Laws 1844, § 6); when it was foreclosed the law had been changed by making the period of redemption one year (Rev. Stat. 1846, chap. 130, § 11). It was held that the act so far as applicable to mortgages executed before its enactment was unconstitutional, that the law at the time of the making of the mortgage became a part of the contract which could not be impaired by subsequent legislation. These cases, we

think, demonstrate that a change in the period of redemption is not a change in the remedy but is a change affecting the substantial rights of the parties.    The importance of the question before us, however, impels consideration of cases from other jurisdictions.

In *Bronson* v. *Kinzie*, 1 How. (U. S.) 310, the court had before it a statute of the State of Illinois having reference to the foreclosure of mortgages, and it was there held (we quote the syllabus) :

"A State law, passed subsequently to the execution of a mortgage, which declares that the equitable estate of the mortgagor shall not be extinguished for twelve months after a sale under a decree in chancery, and which prevents any sale unless two-thirds of the amount at which the property has been valued by appraisers shall be bid therefor, is within the clause of the tenth section of the first article of the Constitution of the United States, which prohibits a State from passing a law impairing the obligation of contracts."

Having reference to the contention that the statute affected only the remedy, it was said by the Chief Justice, speaking for the court:

"Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract.    But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself.    In either case it is prohibited by the Constitution."

He also said:

"So, also, the rights of the mortgagee, as known to the laws, required no express stipulation to define or secure them.    They were annexed to the contract at the time it was made, and formed a part of it; and any subsequent law, impairing the rights thus acquired, impairs the obligations which the contract imposed."

In *Barnitz* v. *Beverly*, 163 U. S. 118 (16 Sup. Ct.

1042), the same court had before it a similar question. The State of Kansas enacted a statute giving the mortgagor 18 months after sale in which to redeem. The State court had construed the statute to apply to existing mortgages and as so construed sustained its validity. In reversing the decision of the Kansas supreme court, the court reviewed the authorities at some length and held:

"Without pursuing the subject further, we hold that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage."

In *Robinson* v. *Howe,* 13 Wis. 341, the court had before it a statute extending the time for redemption from a tax sale. It was there said:

"But the rights of the purchaser stand upon a different footing. They are derived from the contract, which the law authorized to be made. He contracted at the sale for a deed of the kind which the law then authorized him to contract for. That was an absolute deed at the end of three years, liable to be defeated only by a redemption before it was recorded. It seems to me clear, therefore, that when the law of 1852 said he should not have such a deed, but should take one liable to be defeated by a redemption at any time within a year after it was recorded, it directly impaired the obligation of the contract. I think it might just as well provide that, instead of any deed, he should take a lease for years. The answer in either case is, that the thing given is different from what he contracted for, and the law cannot compel him to take it without impairing the obligation of his contract. I think, therefore, that the third section of the law of 1852 was void, as a violation of the contract with the purchaser."

In *Hull* v. *State,* 29 Fla. 79 (11 South. 97, 30 Am.

St. Rep. 95), a similar statute was before the court and it was there said:

"By the contract right to a deed it was intended and implied that upon obtaining the deed, he should have the immediate right to the ownership and exclusive possession and use of the land, with all the beneficial incidents of such ownership. This right to have a deed after the fifth day of August, 1891, and the rights incident thereto, were obligations of the contract, and to postpone against the will of the purchaser, or of his assignee, the enjoyment of such rights for even a day, or the shortest period, to say nothing of a period of nearly two years, and this too for the purpose of offering to the owner, or a creditor, during the time the privilege of redeeming, if he shall see fit to exercise it, is a vital and patent impairment of such obligation."

See, also, *Merrill* v. *Dearing,* 32 Minn. 479 (21 N. W. 721) ; *Dikeman* v. *Dikeman,* 11 Paige (N. Y.), 484; *State* v. *Fylpaa,* 3 S. D. 586 (54 N. W. 599) ; *Forqueran* v. *Donnally,* 7 W. Va. 114; *Solis* v. *Williams,* 205 Mass. 350 (91 N. E. 148) ; *Groves* v. *Keene,* 105 Ark. 40 (150 S. W. 575) ; *Smith* v. *Spillman,* 135 Ark. 279 (205 S. W. 107, 1 A. L. R. 136) ; *State* v. *Bradshaw,* 39 Fla. 137 (22 South. 296) ; *Green* v. *Biddle,* 8 Wheat. (U. S.) 1; 1 A. L. R. 143, note.

*Gault's Appeal,* 33 Pa. St. 94, relied upon by defendants' counsel, holds to the contrary, but it is so out of line with the overwhelming weight of authority that we decline to follow it. *Curtis* v. *Whitney,* 13 Wall. (U. S.) 68, cited by this court in the *Weller Case,* involved, like that case, a statute which did not extend the time of redemption and like the *Weller Case* is distinguished from the case at bar. *Vance* v. *Vance,* 108 U. S. 514 (2 Sup. Ct. 854), involved the constitutional and statutory provisions of the State of Louisiana, requiring the recording of mortgages and the effect of failure to record as to third persons. The provisions did not attempt to affect the rights of

the parties *inter se* or in any way change their liabilities.    It did not in any way impair the obligations of the parties.

When plaintiff's assignors bid at the tax sales and their bids were accepted and they paid the amount thereof and received their certificates of sale, they each made a contract with the city and the provision of the then charter that they should be entitled to deeds, or leases, at the end of one year became a part of the contracts.    When the city by the provisions of the new charter attempted to change the terms of the contracts by providing that they should not have the deeds or leases at the end of a year, but not until the end of 18 months and then only on their complying with requirements which formed no part of the original contracts, the city attempted to impair the obligation of the contracts.    We are, therefore, constrained to hold that as to sales made prior to the time the new charter took effect the provisions under consideration are invalid.    This gives the new charter a prospective effect only and preserves the contract rights of those who bought before its adoption.

The judgment will be affirmed, with costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.