[No. 25524.   Department One.   July 18, 1935.]

THE STATE OF WASHINGTON, *on the Relation of The Federal Land Bank of Spokane, Appellant,* v. C. D. STEPHENS, *as County Treasurer for Yakima County, et al., Respondents.*[1]

*Henry R. Newton,* for appellant.

*Clark & Grady* and *Velikanje & Velikanje,* for respondents.

MAIN, J.—This is a proceeding to compel the issuance of a certificate of redemption from a sale for an irrigation assessment, and for a judgment that the holder of the certificate of sale has no lien upon or interest in certain real property. The trial resulted in findings of fact from which the court concluded that the relief sought was not available. From the judgment entered dismissing the action, the relator, The Federal Land Bank, appeals.

The facts are not in dispute, and may be briefly stated as follows: The Federal Land Bank held a

[1]Reported in 47 P. (2d) 837.

mortgage upon certain property in the Sunnyside Valley Irrigation District, in Yakima county. The property was assessed by the district in 1931, and the assessment was not paid prior to delinquency. Subsequently, the assessment lien was foreclosed and the property sold, and a certificate of sale was issued January 7, 1933. The purchaser thereof was one W. Clayton McMinimee.

January 15, 1934, an officer of The Federal Land Bank, by telephone, communicated with the treasurer of Yakima county and told him the amount necessary to redeem from the sale would be paid on that day, if the treasurer would accept the payment, which the latter said he would not do. On this same day, the bank mailed the treasurer a check, which was not received until January 16, 1934. At the time of the institution of this proceeding, the bank paid into court a sufficient sum of money to redeem from the sale.

Under Rem. Rev. Stat., § 7447, as it read prior to the amendment thereto by § 11 of Chapter 43 of the Laws of 1933, p. 262 (Rem. 1934 Sup., § 7447 [P. C. § 3225]), the period of redemption was one year and would have expired January 7, 1934. By the section as amended, the redemption period would not expire until the fifteenth day of January, 1934. It will be assumed that the section of the statute mentioned, as amended, is retroactive, and was intended to apply to previous sales, and that the statement of the county treasurer that he would not accept the redemption payment was a sufficient excuse for not making the payment on the fifteenth of January, which would be the last day under the statute, as amended.

Whether the bank was entitled to redeem depends upon whether a certificate of sale creates a contract. If it does, then, even though the 1933 amend-

ment be retroactive, it could not be given effect. In a case of this kind, the law in effect at the time of the sale becomes a part of the purchaser's contract, and any subsequent statute which attempts to deprive him of any substantial right secured by the existing law is void, as impairing the obligation of a contract. 12 C. J. 1002; 4 Cooley on Taxation (4th ed.), § 1560; 2 Blackwell on Tax Titles (5th ed.) § 729; 26 R. C. L. 434; *Rott v. Steffens,* 229 Mich. 241, 201 N. W. 227, 38 A. L. R. 224; *Pace v. Wight,* 25 N. Mex. 276, 181 Pac. 430; *Hogg v. Nichols,* 134 Ark. 280, 204 S. W. 211. Other authorities to the same effect could be cited, but the rule is general and is almost universally applied by the courts.

So far as we are informed, the only case which takes the opposite view is *Gault's Appeal,* 33 Pa. St. 94, decided in 1859. The holding in that case has been expressly disapproved of in the cases of *Hull v. Florida,* 29 Fla. 79, 11 So. 97, 30 Am. St. 95, 16 L. R. A. 308; and *State ex rel. Waldo v. Fylpaa,* 3 S. D. 586, 54 N. W. 599.

The certificate of sale, creating a contract relation, was not subject to the redemption period as specified in § 7447, as amended by the Laws of 1933, p. 262.

The bank relies upon cases holding that a certificate of delinquency, issued for taxes which are past due, does not create a contractual relation. The distinction, however, between a certificate of delinquency issued by an administrative officer and a certificate of sale issued by a court of competent jurisdiction and in accordance with the judgment of the court, and which provides that a deed to the property shall be issued unless redeemed within a specified time, is obvious. In order to redeem in the case now before us, it was necessary either to pay or tender the redemption money to the county not later than January

7, 1934. This not being done, the right of redemption expired.

The judgment will be affirmed.

TOLMAN, BEALS, BLAKE, and GERAGHTY, JJ., concur.