## UNITED STATES v. ALBERTS et al.

### Civ. 128–80.

District Court, E. D. Washington, S. D.

March 13, 1945.

Bernard H. Ramsey, Sp. Asst. to Atty. Gen., and Frank B. Reid, Sp. Atty., Department of Justice, both of Yakima, Wash., and Edward M. Connelly, U. S. Atty. of Spokane, Wash., for petitioner.

J. Vincent Roberts, of Yakima, Wash., for petitioning defendant Arlie Holden.

Lloyd L. Wiehl, of Yakima, Wash., for C. Marc Miller and Edith Adams.

Charles L. Powell, of Kennewick, Wash., for Priest Rapids Irr. Dist.

SCHWELLENBACH, District Judge.

The United States acquired title to the property herein involved on October 5, 1943, by the filing of a declaration of taking. The petitioning defendant Arlie Holden had acquired title thereto on October 16, 1937, by purchase from Benton County, Washington. Holden entered the armed forces of the United States on December 18, 1941, and is still serving. He had failed to pay his 1940 irrigation assessment and in January, 1941, a certificate of sale was issued by the County Treasurer to the Priest Rapids Irrigation District by virtue of a foreclosure sale conducted in accordance with the provision of Rem.Rev. Stats. of Washington, §§ 7444, 7445. No redemption having occurred as provided by the state statute, Rem.Rev.Stats. of Wash., Sec. 7447, the County Treasurer issued a deed to the defendant Priest Rapids Irrigation District on April 10, 1942. The Priest Rapids Irrigation District had, prior to the filing of the declaration of taking, entered into an option with the defendants Miller and Adams to sell the property to them. The question for determination is who is entitled to the compensation to be awarded for the taking of the property.

The determination of the person entitled to compensation must be made as of October 5, 1943, the date of the filing of the declaration of taking. "For the reason that compensation is due at the time of taking, the owner at that time, not the owner at an earlier or a later date, receives the payment." Danforth v. United States, 308 U.S. 271, 284, 60 S.Ct. 231, 236, 84 L. Ed. 240. The award stands in the place of the property. Washington Water Power Co. v. United States, 9 Cir., 135 F. 2d 541. The question must be determined on the basis of equity and justice. Cobo v. United States, 6 Cir., 94 F.2d 351; Welch v. Tennessee Valley Authority, 6 Cir., 108 F.2d 95. The Congress provided by the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.A.Appendix § 560, subd. (3): "When by law such property may be sold or forfeited to enforce the collection of such tax or assessment, such person in military service shall have the right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service, but in no case later than six months after the date when this Act ceases to be in force; but this shall not be taken to shorten any period, now or hereafter provided by the laws of any State or Territory for such redemption." The effect of this Act was to extend the period of redemption provided by the state law from a period slightly in excess of one year to a period extending to at least six months after the military service of the individual involved shall have been terminated. The case poses the question as to whether Congress had the power thus to extend the period of redemption provided by the state statute. Concededly, the State itself had no such power. Any attempt by the State thus to extend the period of redemption would do violence to the constitutional prohibition against the impairment of the obligation of a contract. State ex rel. Federal Land Bank v. Stephens, 182 Wash. 444, 446, 47 P.2d 837; Wood v. Lovett, 313 U.S. 362, 369, 61 S.Ct. 983, 85 L.Ed. 1404. There is no such limitation upon the power of Congress. Legal Tender cases, 79 U.S. 457, 549, 20 L.Ed. 287; Wright v. Vinton Branch, 300 U.S. 440, 470, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455. The Soldiers' and Sailors' Relief Act, upon which Holden bases his claim, is bottomed upon the war power which extends to every matter and activity so related to war as substantially to affect its conduct and progress. Kiyshi Hirabayshi v. United States, 320 U. S. 81, 93, 63 U.S. 1375, 87 L.Ed. 1774. Under the Constitution, the Congress, in the exercise of its war power, is given wide scope with the exercise of judgment and discretion in determining the means to be used in furthering the war effort. Martin v. Mott, 25 U.S. 19, 29, 6 L.Ed. 537; Northern Pacific Railway Company v. North Dakota, 250 U.S. 135, 39 S.Ct. 502, 63 L.Ed. 897; Dakota Central Telephone Company v. State of South Dakota, 250 U.S. 163, 39 S.Ct. 507, 63 L.Ed. 910, 4 A. L.R. 1623; Ruppert v. Caffey, 251 U.S. 264, 40 S.Ct. 141, 64 L.Ed. 260; Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165. That power is sufficiently extensive to enable Congress to extend and enlarge the time limited by law for the commencement of actions as fixed by the laws of the several states. Stewart v. Kahn, 11 Wall. 493, 78 U.S. 493, 20 L. Ed. 176; Wenatchee Produce Co. v. Great Northern Ry. Co., D.C., 271 F. 784. That being true, the power of the Congress to

extend the period of redemption cannot be questioned. When the Congress, by statute, made compulsory the service of the young manhood of the nation in its military and naval forces, it had the right to protect the men thus serving against the worry and fear of the loss of their property during the time of their service. If morale of the troops has the significance attached to it by the military, there is a direct relationship between the object sought by this statute and the means used in attaining it. Therefore, the war power embraces this particular exercise of it. It must be remembered that tax and assessment foreclosures are actions concerning the pendency of which the parties involved would be most likely to be uninformed. Consequently, the unqualified extension of the period of redemption on tax and assessment foreclosures can be and must be distinguished from other legal proceedings in which the courts are entrusted with the responsibility of the protection of the individuals intended to be protected by the Soldiers' and Sailors' Relief Act. This, in my opinion, is a sufficient justification of the difference existing in Article V of the Act, 50 U.S.C.A.Appendix § 560 et seq., as compared with the other provisions of the statute.

From the foregoing, it will be seen that the defendant Holden is entitled to such compensation as may be awarded for this property subject to the taxes, assessments and other liens which may have existed against the property on the date of the filing of the declaration of taking.