Callon R. Sherrill et al., Plaintiffs-in-Error,

*v.*

The Board of Equalization for the State of Tennessee,
Defendant-in-Error.

452 S.W.2d 857.

(*Nashville*, December Term, 1969.)

Opinion filed March 15, 1970.

Ely & Ely, Knoxville, for plaintiffs in error.

David M. Pack, Attorney General, Milton P. Rice, Assistant Attorney General, Nashville, for defendant in error.

Mr. Special Justice Erby L. Jenkins delivered the opinion of the Court.

This appeal involves the assessment of real property by the Tax Assessor of Knox County. The assessment was fixed at $17,500.00, $6,000.00 of which represented the assessment against the life estate and $11,500.00 representing the assessment against the remainder interest. The remaindermen, hereinafter referred to as petitioners, appealed to the Knox County Board of Equalization

which left the assessment undisturbed. An appeal was then taken to the respondent State Board of Equalization which affirmed the assessment as made against the petitioners. From the order of the respondent Board the petitioners filed a petition or certiorari, praying for an adjudication that the respondent acted illegally and in excess of its jurisdiction. The case was heard by the Circuit Court on bill and answer. The court dismissed the petition and an appeal was perfected to this Court.

The petitioners own the remainder interest in a piece of real estate located in Knox County. The property was formerly owned by Max R. Sherrill, who is now deceased. By Sherrill's Will, the property in question was set apart to his widow for life, with the remainder interest being devised to the petitioners.

In 1967 and thereafter, the life interest and the remainder interest were assessed separately under T.C.A. Section 67-606(5). The assessed value of the remainder interest was arrived at by taking the value of the life estate, computed according to the Actuaries Table of Mortality, and subtracting this figure from the assessed value of the entire fee. The admitted facts show that the widow received all of the rents and profits from the property; and that the remaindermen had no control over the property and did not receive any benefits therefrom. Nevertheless, it was ruled that the remaindermen had an assessable interest in the property.

The question before this Court is whether T.C.A. Section 67-606(5) requires the separate assessment of a life interest and a remainder interest in real property. The Statute which purports to authorize such a separate assessment reads as follows:

"All mineral and timber interests and all other interests of whatsoever character, whether for life or a term of years, in real estate, including the interest which the lessee may have in and to the improvements erected upon land where the fee, reversion, or remainder therein is exempt to the owner, and which said interest or interests is or are owned separate from the general freehold, shall be assessed to the owner thereof, separately from other interests in such real estate, which other interest shall be assessed to the owner thereof, all of which shall be assessed as real estate."

The respondent contends that the clear import of the Statute requires that a life interest in real estate be assessed separately from a remainder interest in such realty. We cannot agree with such a proposition. The directive of T.C.A. Section 67-606(5) is not to assess separately all interests in real estate, but rather, to assess separately "all * * * interests * * *, whether for life or a term of years, in real estate, * * * which * * * are owned separate from the general freehold".

A remainder interest and a life interest in real estate are separate interests in that the holder of the vested remainder interest has the privilege of possession or enjoyment postponed to some future date, whereas the life tenant has the present right to possession or enjoyment. Nevertheless, a remainder interest constitutes part of the total present ownership of the land. Simes & Smith, The Law of Future Interests, Section 1 (2nd Ed. 1956). It is part of the "general freehold" and not owned separately therefrom. Therefore, it is not subject to separate assessment under T.C.A. Section 67-606(5).

We think that justice and equity demand that the Statute be so construed. To do otherwise would be an

obvious lack of justice and would cast upon the remaindermen a burden not intended by the Legislature.

■ T.C.A. Section 67-1803 provides that taxes are a lien upon the entire fee. Where this is the rule, the life tenant is held to be under a duty to pay taxes which accrue during the period of his tenancy. Simes & Smith, supra, Chapter 1693. Tennessee follows this accepted common law rule, taxing the full value of land in the hands of the life tenant and nothing to the remainderman. *Ferguson v. Quinn* (1896), 97 Tenn. 46, 36 S.W. 576; 20 Tenn.Law Review 283 (1948). It is difficult to think that the Legislature, by the language used in Section 67-606 (5) intended to change the above rule. However, such is the insistence of the respondent.

The power to tax carries with it the power to harass, embarrass and destroy, so that this power should be guarded very jealously. If we were to adopt the State's theory, that taxes should be prorated between the life tenant and the remaindermen, we can foresee all kinds of inequities flowing therefrom. The remainderman, in the ordinary estate, is just that,—a remainderman—in an estate he may never live to enjoy. All he can do is stand by with a watchful eye and a longing heart, and yearn for the dawning of a brighter, clearer day, and wait for the remainder to pass to him. He has no control over the estate. He receives no benefits therefrom. Are we to say that he must pay taxes on something he is deriving no benefits from and may never do so? We think not. If such were the rule, we can foresee children born into the world with a built-in tax load to carry and opening their eyes to the demands of the tax gatherer on estates, the possession of which they may never enjoy. The law is simple justice fairly and equitably applied.

In support of its position to prorate taxes between the life tenant and the remainderman, the respondent relies principally upon the case of *State v. Grosvenor* (1923), 149 Tenn. 158, 258 S.W. 140. Therein, a lease was entered into between a theatre company and a reversioner. The State sought to assess the property as a whole to both the lessor and the lessee. This Court held the assessment void as to the lessee because there was no attempt to value the leasehold separately. However, the Court went on to say:

"It was the clear intention of the Legislature by the act of 1907 to separately assess all interests in land, whether for life or a term of years, *if such separate interests had any value of their own.*" (Emphasis ours.)

We agree with the respondent that the Grosvenor case is the controlling law. However, we do not think it applicable to the instant case. Grosvenor involved a leasehold arrangement. The facts of that case brought it within the purview of T.C.A. Section 67-606(5), since a lease is a type of interest which is "owned separate from the general freehold." Its value can be assessed to its owner separately from other interests in the realty.

■ T.C.A. Section 67-606(5) was not enacted so as to allow the State to prorate taxes between a life tenant and a remainderman. It was intended to apply to a situation wherein the owner of real estate leases an interest in the fee. In such a case the lessee holds an interest which is separate from the general freehold, and a pro-rata assessment between the owner of the leasehold interest and the lessor would be proper. In fact, the Statute specifically refers to "the interest which the *lessee* may

have in * * * the improvements erected upon the land.''
Clearly, the Statute contemplates a separate assessment
only where there is some type of lease arrangement.

The ruling of the Circuit Court is hereby reversed;
and it is decreed that the assessment not be prorated
between the life tenant and the remainderman. The costs
incident to this appeal are taxed against the defendant-
in-error.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and BOZEMAN,
SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.